UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BOIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LEVI STRAUSS & CO.,<br><br>    Defendant. | Case No. 23-cv-02772-TLT  (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 34 |

This order addresses the discovery disputes raised in the parties' November 8, 2023, joint statement. In resolving the pending disputes, the undersigned is mindful that Judge Thompson set November 27, 2023, as the fact-discovery cutoff. *See* Dkt. 31 at 2.

* * *

1. If plaintiff remembers the password(s) she created for the Levi Strauss laptops that were assigned to her as an employee, she must provide that information to defense counsel by close of business on November 24, 2023. If plaintiff does not remember her laptop password(s), she must provide a sworn declaration saying so.

2. By November 27, 2023, plaintiff must produce (i) all documents in her possession, custody, or control that are responsive to Levi Strauss's requests for production, and (ii) all initial disclosure materials covered by General Order 71.

3. Plaintiff must sit for her deposition on November 30, 2023, at 9:00 a.m., at Paul Hastings LLP's office in San Francisco. Plaintiff's deposition will be limited to one day of seven hours on the record, per Rule 30(d)(1).

4. The depositions of Levi Strauss fact witnesses Lauren Uchrin and Stacy Doren are to take place on November 27 and November 28, 2023, as defense counsel previously proposed

1    those dates. *See* Dkt. 34-1 at 3. Each deposition will be limited to seven hours.

2        5.   To the extent plaintiff seeks to depose the CEO of Levi Strauss, Chip Bergh, defense counsel has correctly noted that "deposing the CEO would be an apex deposition that is not appropriate without a showing of unique personal / first-hand knowledge." *Id.* at 9; *see Brown v. Google, LLC*, No. 4:20-cv-03664-YGR, 2022 WL 2289059, at *1 (N.D. Cal. Apr. 4, 2022) (explaining that "a party seeking to depose a corporate president or other official at the highest level of corporate management ['apex'] must show good cause that the official has unique or superior personal knowledge of discoverable information") (simplified). Plaintiff has made no such showing here. Plaintiff's request that Levi Strauss provide "the next available [deposition] dates for . . . Mr. Bergh" is denied. Dkt. 34 at 5.

        6.   Plaintiff asserts that Levi Strauss "was on notice of Plaintiff's *intent* to take an [sic] FRCP 30(b)(6) deposition as far back as October 2023," and plaintiff requests that Levi Strauss provide "the next available dates for . . . the 30(b)(6) representative." *Id.* (emphasis added). There is no indication, however, that plaintiff has served a Rule 30(b)(6) deposition notice on Levi Strauss. *See* Fed. R. Civ. P. 30(b)(6) (requiring that a deposition notice to an entity "describe with reasonable particularity the matters for examination").

        7.   Plaintiff requests that "the case schedule in this matter be extended by ninety (90) days for all operative dates" so "that fact discovery will now close on February 27, 2024 instead of November 27, 2023." Dkt. 34 at 6. Levi Strauss "disagrees that extending the discovery schedule is an appropriate solution," and notes that "[t]his case was given an accelerated schedule because Plaintiff's counsel insisted on one." *Id.* at 3 (citing plaintiff's proposed case schedule in Dkt. 27 at 6–7). Plaintiff's request is denied. If plaintiff seeks relief from the case schedule, plaintiff must ask Judge Thompson, not the undersigned.[1]

---

[1] Plaintiff asserts that "strict adherence to the existing case schedule . . . has been rendered untenable by the course of discovery, including slow document production and the parties' inability to agree on dates for depositions." Dkt. 34 at 6. To that end, the undersigned notes that the meet-and-confer correspondence attached to the parties' joint statement indicates that (i) as of November 8, plaintiff had yet to produce a single document in this case despite numerous requests by defense counsel, and (ii) plaintiff's counsel was slow to respond to (and in some instances simply ignored) defense counsel's attempts to schedule plaintiff's deposition. *See* Dkt. 34-1.

8. Each side will bear its own fees and costs.

**IT IS SO ORDERED.**

Dated: November 22, 2023

_____
ALEX G. TSE
United States Magistrate Judge

3