**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Counsel for Plaintiff Julia Bois*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA BOIS,<br><br>               Plaintiff,<br><br>   v.<br><br>LEVI STRAUSS & CO.,<br><br>               Defendant. | Case No. 3:23-cv-02772-TLT<br><br>**REPLY IN SUPPORT OF PLAINTIFF JULIA BOIS'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge:   Trina L Thompson<br>Date:    April 30, 2024<br>Time:    2:00 p.m.<br>Dept:    9<br><br>Complaint Filed: June 5, 2023<br>Trial Date:       December 2, 2024 |

Plaintiff Julia Bois respectfully submits this reply in support of Plaintiff's Motion for Summary Judgment ("Motion").

I. **INTRODUCTION**

Defendant Levi Strauss & Co.'s ("LS&Co") Opposition insists that Ms. Bois did not get the Senior Director of Marketing in Latin America position because she was not qualified. This attempted excuse ignores two facts: One, there is direct evidence that she was not promoted for a discriminatory reason (*i.e.*, because she is a woman); and two, "channel experience" was ***not*** required to be a Senior Director.

As to the first point, Defendant does not categorically deny Ms. Doren's discriminatory statement that she could not put a woman into a Senior Director position in Latin America. Because Defendant cannot do so without Ms. Doren perjuring herself, Defendant instead attempts to redirect attention to Ms. Bois's alleged lack of qualification. To date, there is no evidence LS&Co has ever even considered a woman for the position. That is *per se* discrimination. Ms. Bois's lawsuit can put an end to this ongoing conduct perpetuated by LS&Co.

As to the second point, the evidence shows that channel experience was not required because Ms. Bois's colleague was promoted to the same role without such experience, and there is no evidence that channel experience was required prior to Ms. Doren's discriminatory and sexist remarks. Thus, Defendant has not met its burden to show a legitimate non-discriminatory reason for its failure to promote Ms. Bois.

Further, this discriminatory conduct was just one of many related incidents in an ongoing discriminatory practice. Thus, despite what Defendant may wish the law in California to be, Plaintiff's claim is not time-barred. Plaintiff's Motion should be granted, finding LS&Co liable for discrimination.[1]

---

[1] There is nothing inconsistent in the relief requested by Plaintiff's Motion, despite LS&Co's attempt to create confusion or to fabricate an issue where none exists. Plaintiff noticed a summary judgment motion, her Motion requests partial summary judgment based on a finding of liability, and the proposed order submitted therewith is consistent with this request.

-2-
REPLY IN SUPPORT OF PLAINTIFF JULIA BOIS'S MOTION FOR SUMMARY JUDGMENT
Case No. 3:23-cv-02772-TLT

## II. ARGUMENT

Once the plaintiff makes a prima facie discrimination case, the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The plaintiff must then demonstrate that the employer's reason was a pretext for discrimination. *Id.* If a plaintiff offers direct evidence of discrimination to rebut an employer's proffered nondiscriminatory reason, that evidence "if believed, proves the fact [of discriminatory animus] without inference or presumption." *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1038 (9th Cir. 2005) (citing *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221 (9th Cir.1998)). Direct evidence, unlike circumstantial evidence, need not be specific and substantial. *Id.* Further, where an employer uses evaluative criteria that are discriminatory, the plaintiff need not prove that she was qualified to fill the position. *Lyons v. England*, 307 F.3d 1092, 1114 (9th Cir. 2002).

Defendant fails in meeting its burden under *McDonnell* because its proffered reason for failing to promote Ms. Bois to the Senior Director of Marketing in Latin America ("Senior Director LATAM") position is illegitimate on its face. Defendant cannot deny that LS&Co would not (and did not) put a woman—qualified or not—in the position. Thus, it does not matter whether she had the requisite experience because it did not matter to Defendant. It only mattered that she was a woman.

### A. Defendant's "Channel Experience" Excuse Does Not Overcome Plaintiff's Direct Evidence of Discrimination.

On two separate occasions, Plaintiff was told by Ms. Doren, her manager, that Plaintiff could not even be considered for the Senior Director LATAM position because she was a woman. Declaration of Josh Schiller ("Schiller Decl."), Ex. C (Deposition of Julia Bois ("Bois Dep.")) at 292:7-25, 295:7-9. On one of these occasions, Ms. Doren put it plainly, telling Plaintiff that "***I cannot put you down there because you are a woman.***" *Id.* Ms. Doren's admissions constitute direct evidence that Defendant engaged in discriminatory practices when it refused to promote Ms. Bois because she was a woman. Defendant must overcome this evidence, but cannot.

1  To begin with, Defendant does little to dispute that Ms. Doren made the comments that LS&Co could not consider a woman for the Senior Director LATAM position. Instead, Defendant does everything it can to skirt around a clear admission or denial, making inconclusive statements such as: "whether any such comment was made . . ."; "even if a comment was made . . ."; "Ms. Doren does not agree that she made the alleged comment . . ."; and "Ms. Doren has no memory of saying anything of the sort." Def. Opp. to Pl. Mot. Summ. J. at 14. This last statement bears further scrutiny, because while Ms. Doren claims to have "no memory" of such a statement, she nonetheless went to great lengths to explain *why* she could conceivably have made this statement as part of her declaration supporting Defendant's own summary judgment motion: "While I believe that working women, in general, can face resistance in the Latin America region for cultural reasons . . . ." Doren Decl. Supp. Def. Mot. Summ. J. ¶ 8. Defendant says there is an issue of disputed fact, but Ms. Doren does not deny that she refused to consider women for the position of LATAM Senior Director. Neither did LS&Co offer any evidence during discovery on the issue or provide any example to rebut that fact.[2] There is simply no evidence that can create a disputed issue of fact—a lawyer's assertion, after the end of discovery, is not enough. As a result, and based on the failure of LS&Co to provide any evidence in discovery to the issue, there is no material dispute as to the fact that Ms. Doren made an express statement that she would not consider any women for promotion in leadership in Latin America.

Defendant's next argument—that Ms. Bois was not promoted because she lacked "channel experience"—is equally unpersuasive. There is simply no evidence that channel experience was a requirement prior to LS&Co's failure to promote Ms. Bois to the Senior Director LATAM position. But there is evidence that after 2019 (and likely for the previous twelve years[3]) LS&Co never considered a woman for this position, including any woman with what they now claim were the required qualifications. Defendant cannot dispute this now, having failed to submit evidence into

---

[2] *See* Defendant's discovery responses. Schiller Decl. Supp. Pl. Mot. Summ. J., Exs. C & D.

[3] Plaintiff requested, and Defendant did not produce, evidence showing that LS&Co considered women for the Senior Director LATAM position. Because of Defendant's failure, Defendant is now prohibited from relying on any information it has not produced to oppose Plaintiff's Motion. See Fed. R. Civ. Pro. Rule 37(c)(1).

the record that can be considered. Schiller Decl. ¶ 2. Instead, based on the existing factual record in this case, the references to some necessary "channel experience" appear to have been created *after* Ms. Doren's admissions to Plaintiff. *See, e.g.*, Schiller Decl., Ex. A (Spring 2021 "Talent Summary" chart). Likewise, by the time Ms. Doren began urging Ms. Bois to accept a lateral move to replace Mr. Hanlon as Director of U.S. Retail, Mr. Hanlon had already accepted the Senior Director LATAM role and Ms. Doren had already told Ms. Bois she could not be considered because she is a woman. Declaration of Julia Bois ("Bois Decl.") ¶ 4. It was during this discussion that Ms. Doren first suggested to Ms. Bois that the lateral move would help her gain some heretofore unmentioned but necessary "channel experience." *Id*. ¶ 5.

It is without dispute, therefore, that *after* Ms. Doren's discriminatory comments were made, LS&Co for the first time attempted to make a record of an artificial criterion that would appear to disqualify Ms. Bois. Defendant's evidence does nothing to refute this. For example, Defendant's argument that the word "channel" is "mentioned 20 times" in Mr. Hanlon's 2019 performance review (including in his self-evaluation) is beside the point. Def. Opp. at 8. It may establish that Mr. Hanlon had some channel experience at the time of his review, but none of those references note or even imply that the experience was a known prerequisite to becoming Senior Director. Def. Opp. at 8. In fact, the language of the performance reviews establishes instead that the prerequisite was conspicuously not mentioned where it most likely should have been: in Ms. Bois's and Mr. Hanlon's performance reviews. *See* Schiller Decl. Supp. Pl. Mot. Summ. J., Ex. E; *see also* Bois Decl. Supp. Pl. Mot. Summ. J., Ex. C. The conspicuous absence of any reference to "channel experience" being a requirement in the reviews begs the question: why would Ms. Doren not have noted that in speaking to Ms. Bois about the Senior Director LATAM position?

Further, for what it is worth, Ms. Bois's own 2019 review[4] mentions the word "channel" at least six times, including statements that imply she also had channel experience in the same way Mr. Hanlon's review does:

---

[4] Annual performance reviews were given in January or February of the following year (*e.g.*, the 2019 review was given in 2020). Therefore, Ms. Doren's reference to the "channel experience" that Ms. Bois would gain in her new Retail Marketing role from Ms. Bois's 2019 review does not

- "Julia has strong and effective cross functional relationships and people really like working w/ her. I think integration across channels has greatly improved in 2019 driven(sic) by Julia as well as Michelle." Bois Decl. Supp. Pl. Mot. Summ. J., Ex. C at 5.

- "Key media programs were extended across channels (levi.com/blog) in effort to maximize investment." *Id*. at 6.

Thus, Defendant cannot point to any proof that the "channel experience" requirement existed prior to Ms. Doren making the discriminatory comments and LS&Co passing over Ms. Bois for the LATAM role because she is a woman. By its very definition, creating an excuse for discrimination after the fact is pretext.

Even the case law cited by Defendant does not support the argument that Ms. Bois's motion should fail. Defendant does not cite authority to establish that a Plaintiff's alleged lack of qualifications meets the burden of overcoming direct evidence of a discriminatory motive. Rather, the cases cited by Defendant establish only that where a plaintiff lacked qualifications for a position, a plaintiff *may* not meet her burden on a discrimination claim *without* additional evidence of discriminatory motive. That is not the case here. None of Defendant's cited cases deal with direct evidence of discrimination. *See* Def. Opp. to Pl. Mot. Summ. J. ("Def. Opp.") at 10. In fact, none of the cases cited even deal with circumstantial evidence of discrimination other than the mere fact that others outside the protected class were promoted instead of the plaintiff. Furthermore, in every case, there were objective criteria for promotion established and demonstrated within the company prior to the alleged adverse action. In this case, the "channel experience" qualification seems to have materialized right after Ms. Doren admitted that Defendant would not promote Plaintiff because she is a woman.

For example, in *Bradley v. Cnty. Of Sacramento Dep't of Human Assistance*, there was an objective, numerical criterion that required an employee to be within five percent of the top step in

---

support Defendant's theory. If anything, it shows again that this was an excuse created after Ms. Doren made her comments about not considering women for the LATAM role. Schiller Decl., Ex. B (Deposition of Stacy Doren ("Doren Dep.")) at 93:10-20.

the salary of the job sought. *Bradley v. Cnty. Of Sacramento Dep't of Human Assistance*, No. 2:19-cv-02419, 2023 WL 2696773, at *2 (E.D. Cal. Mar. 29, 2023). The plaintiff, a Black woman, was not within that range; she also did not present any evidence of discriminatory intent. *Id.* at *2-3. Meanwhile, defendant-employer provided evidence that it hired another Black applicant for the exact role plaintiff sought. *Id*. Likewise, in several other cases cited by Defendant, there was no direct evidence of discrimination offered by plaintiff, and the claims were based solely on the fact that someone not within the protected class (but more qualified) got the position. *Dove v. Bayer Healthcare*, 281 Fed. App'x 703, 705 (9th Cir. 2008) (individual hired had 15 years of HVAC experience compared to plaintiff, who had none); *Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (plaintiff alleged age discrimination simply where someone younger received a position he sought); *Morita v. S. Cal. Permanente Med. Grp.*, 541 F.2d 217, 220 (9th Cir. 1976) (Asian plaintiff alleged race discrimination due solely to the promotions of Caucasian employees, and another employee of Asian-descent was found to have received "special treatment" in getting a promotion).

Further, in some cases, while the plaintiff lacked direct evidence of discrimination, the defendant-employer provided evidence of significant performance issues and even misconduct. *Escandon v. Los Angeles Cnty.*, 584 Fed. App'x 517, 519 (9th Cir. 2014) (prior to being passed up for a promotion, the plaintiff received the "lowest possible qualifying" "promotability score"); *see also Kim v. Liberty Mut. Grp., Inc.,* No. 10-cv-4862, 2011 WL 5294841, at *1, 2 (C.D. Cal. Nov. 4, 2011) (plaintiff made zero sales in a year with a requirement to make thirteen sales and admitted to violating company policy by cancelling and rewriting insurance policies to receive new business credits). In *Escandon*, the court specifically noted that the plaintiff "provides no evidence of a significant disparate impact that is 'the systemic result of a specific employment practice.'" *Escandon*, 584 Fed. App'x at 519 (quoting *Atonio v. Wards Cove Packing Co., Inc*., 810 F.2d 1477, 1485 (9th Cir. 1987)).

Ultimately, Defendant cannot and does not meet its burden of showing a valid, non-discriminatory basis for failing to promote Ms. Bois. And what arguments Defendant does muster fail in the face of Plaintiff's direct evidence of discriminatory motive. Given the absence of any credible fact creating a disputed issue, this Court should grant Plaintiff's Motion.

**B.  Lauren Uchrin Had No Channel Experience When She Was Promoted to Senior Director.**

Absent from Defendant's Opposition is any reference to Ms. Bois's colleague, Lauren Uchrin, who was promoted to a Senior Director role in May 2021. Schiller Decl., Ex. C (Bois Dep.) at 82:12-21. Ms. Uchrin had recently returned to LS&Co in 2020 after spending two years with another company. *Id.*, Ex. D (Deposition of Lauren Uchrin ("Uchrin Dep.")) at 9:21-23; 26:5-23. Her absence from Defendant's argument is noteworthy because Ms. Uchrin did not have channel experience when she was promoted to Senior Director at LS&Co. *Id.*, Ex. B (Deposition of Stacy Doren ("Doren Dep.")) at 86:23-87:4. After all, she could not have—she was promoted from the position Ms. Bois previously held. *Id*. at 70:8-71:10. Ms. Bois left that very position because, according to Ms. Doren, she needed to take on a new position to gain the channel experience she needed to become a Senior Director. *Id*. at 99:25-100:9.

Ms. Uchrin's promotion removes any legitimacy from the nondiscriminatory excuse given by Defendant for its failure to promote Ms. Bois. Defendant makes a weak attempt to distinguish the Senior Director LATAM position from other Senior Director roles (for the first time) with a vague statement that Senior Director LATAM placed "tremendous emphasis" on channel marketing with no further explanation. Def. Opp. at 8.  But there is no evidence in the record that the LATAM position required channel experience to any degree above another Senior Director marketing position.  Defendant is saying that now to avoid liability.  Further, Ms. Uchrin was promoted to the Senior Director of Brand and *Retail* Marketing. Schiller Decl., Ex. B (Doren Dep.) at 72:24-73:3. As Defendant explains: "Channel Marketing focuses on each of the specific channels for selling product. Channels include: *retail*…" Def. Opp. at 7. Defendant fails to articulate how or why this position would not require channel experience the LATAM position did.

Finally, Defendant's focus on qualifications is confusing given Defendant's admission that Ms. Bois was not even considered for the LATAM position.  If that was the case (and assuming the truth of Defendant's "channel experience" argument, *arguendo*), what does it matter that Ms. Bois allegedly did not have channel experience?  Defendant did not consider her at all, so a focus on her (unconsidered) credentials cannot now serve as a viable defense. *Id.* at 63:10-17. Defendant's

-8-

evaluation of Ms. Bois as a candidate started and stopped with Ms. Bois being a woman; her channel experience did not enter into it. Indeed, Ms. Bois was not aware that channel experience was necessary until after Ms. Doren made her comments that women cannot be considered for LATAM position and Mr. Hanlon had already filled the role. Bois Decl., ¶¶ 4-5. After realizing the statement was problematic, LS&Co devised an excuse for not promoting Ms. Bois, which is the definition of pretext. There is no evidence that LS&Co has ever, to date, considered women for promotion to the Senior Director Latin America role. because they are women, and not because of their alleged lack of qualifications.

### C. Plaintiff's Claim Survives Under the Continuing Violation Doctrine.

A claim "will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame." *Nat'l Fair Hous. All. v. A.G. Spanos Const., Inc.*, 542 F. Supp. 2d 1054, 1061 (N.D. Cal. 2008). Thus, the statute of limitations only begins to run "upon the last act in a series of related wrongful acts." *Id*. (citing *Moseke v. Miller and Smith, Inc.*, 202 F.Supp.2d 492, 500 n. 10 (E.D. Va. 2002)). "[T]he continuing violation doctrine provides a way for *employees* to escape the effects of the statute of limitations and reach *back* in time to base liability on earlier acts. It doesn't provide *employers* a way to expand the scope of the statute of limitations to reach *forward* to bar claims based on acts within the statutory period." *Blue Fountain Pools & Spas Inc. v. Superior Ct. of San Bernardino Cnty.*, 53 Cal. App. 5th 239, 250 (2020).

The Ninth Circuit recognizes two applications of the continuing violations doctrine: (1) a series of related acts, with at least one falling within the limitations period; and (2) the "maintenance of a discriminatory system both before and during [the limitations] period." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019).

As to the former application, discriminatory acts are considered "related" under federal and California law[5] if the actions: (1) are "sufficiently similar in kind"; (2) occur with "sufficient

---

[5] "Because the antidiscrimination objectives and relevant wording of title VII of the Civil Rights Act of 1964 (Title VII) [(42 U.S.C. § 2000e et seq.)] [and other federal antidiscrimination statutes] are similar to those of the FEHA, California courts often look to federal decisions interpreting these statutes for assistance in interpreting the FEHA." *Richards*, 26 Cal. 4th at 812 (citing *Reno v. Baird*, 18 Cal.4th 640, 647 (1998)).

frequency"; and (3) have not acquired a degree of "permanence" that would provide an employee notice that further informal efforts to stop the employer's conduct "would be futile." *Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798, 802 (2001). This applies specifically to a discriminatory promotions policy. *Id.* at 813.

Defendant's brazen attempt to discredit Plaintiff's claim with a statute of limitations argument ignores the fact that Ms. Bois alleges in this action that Defendant discriminated against her in 2019, 2020, 2021, 2022 and up until she was forced to resign in 2023. Thus, the failure to promote Ms. Bois to the Senior Director LATAM position falls directly within the continuing violation doctrine as both part of a maintained discriminatory system at LS&Co, and as an individual example of discriminatory conduct related to many other such acts that continued throughout her employment and into the limitations period. As to the latter, and as alleged in detail in Plaintiff's Opposition to Defendant's Motion for Summary Judgment, LS&Co failed to promote Ms. Bois for six years, for discriminatory reasons, all the while promising her that the next opportunity would be hers. Pl. Opp. to Def. Mot. Summ. J. at 19. Thus, Ms. Bois never acquired the "degree of permanence" contemplated in *Richards* until she was ultimately forced to resign.

As established in Plaintiff's Opposition, there is no evidence that LS&Co has ever, to date, filled the Senior Director LATAM position with a woman. Schiller Decl. Supp. Pl. Mot. Summ. J., Exs. C & D. Even after Mr. Hanlon left the Senior Director position, it was not offered to Ms. Bois or any other female employee. *Id*. Ms. Bois continuously sought and failed to obtain promotion opportunities just like the Senior Director LATAM position while LS&Co rewarded her male counterparts. Pl. Opp. to Def. Mot. Summ. J. at 6-7.

Defendant's argument that Plaintiff's discrimination claim is time-barred therefore fails under the continuing violation doctrine.

### III. CONCLUSION

For the reasons set forth herein, Plaintiff requests that the Court grant her Motion.

| | |
|---|---|
| Dated: February 16, 2024 | Respectfully submitted, |
| | By: */s/ Joshua I. Schiller* |
| | Joshua I. Schiller (SBN 330653) |
| | jischiller@bsfllp.com |
| | 44 Montgomery Street, 41st Floor |
| | San Francisco, CA 94104 |
| | Telephone: (415) 293-6800 |
| | Facsimile: (415) 293-6899 |
| | |
| | Benjamin Margulis (Admitted *pro hac vice*) |
| | bmargulis@bsfllp.com |
| | 55 Hudson Yards, 20th Floor |
| | New York, NY 10001 |
| | Telephone: (212) 446-2300 |
| | Facsimile: (212) 446-2350 |
| | |
| | Melissa Zonne (SBN 301581) |
| | mzonne@bsfllp.com |
| | 2029 Century Park East, Suite 1520 |
| | Los Angeles, CA 90067 |
| | Telephone: (213) 629-9040 |
| | Facsimile: (213) 629-9022 |
| | |
| | *Counsel for Plaintiff Julia Bois* |