1  CAMERON W. FOX (SB# 218116)
   cameronfox@paulhastings.com
2  PAUL HASTINGS LLP
3  101 California Street
   Forty-Eighth Floor
4  San Francisco, California 94111
   Telephone: (415) 856-7000
5  Facsimile: (415) 856-7100

6  LINDSEY C. JACKSON (SB# 313396)
7  lindseyjackson@paulhastings.com
   PAUL HASTINGS LLP
8  515 Flower Street, 25th Floor
   Los Angeles, California 90071
9  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
10

11  Attorneys for Defendant
    LEVI STRAUSS & CO.
12

13                UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16  JULIA BOIS,                          Case No. 3:23-CV-2772-TLT

17            Plaintiff,                  **DEFENDANT LEVI STRAUSS & CO.'S**
                                          **MOTION IN LIMINE NO. 2 RE:**
18      vs.                              **EXCLUDING ALL ARGUMENT AND**
                                          **EVIDENCE RELATING OR**
19  LEVI STRAUSS & CO.,                   **REFERRING TO ANY EMOTIONAL**
                                          **DISTRESS BEYOND WHAT WAS**
20            Defendant.                  **INCLUDED IN PLAINTIFF'S**
                                          **PRODUCED THERAPIST NOTES AND**
21                                        **DEPOSITION TESTIMONY**

22
                                          Courtroom:    9
23                                        Judge:        Hon. Trina L. Thompson

24                                        Complaint Filed:    June 5, 2023
                                          Trial Date:         April 28, 2025
25

26

27

28

1    I.    **INTRODUCTION**

2         In this lawsuit stemming from Plaintiff Julia Bois' former employment with Levi Strauss

3    & Co. ("LS & Co."), Bois seeks to recover for alleged emotional distress.  During discovery,

4    however, Bois produced evidence of nothing more than so-called "garden variety" emotional

5    distress.  Accordingly, this motion seeks to exclude all argument and evidence relating or

6    referring to any emotional distress beyond what was included in Bois' produced therapist notes

7    and what she testified to in deposition, and to exclude the introduction of any testimony from a

8    lay witness (including Bois herself) regarding the causes of any particular symptoms or distress,

9    including but not limited to depression, anxiety, trauma, and/or other similar severe or ongoing

10   mental conditions.  As a lay witness, Bois is ill-equipped and unqualified to testify on these

11   complex issues requiring scientific, technical and/or specialized knowledge.  She also lacks the

12   foundation to opine on any alleged diagnosis and the causes of her alleged emotional distress, as

13   any anticipated testimony will be based solely on inadmissible hearsay.

14   II.   **RELEVANT FACTUAL BACKGROUND**

15        On August 24, 2023, LS & Co. requested that Bois produce documents supporting her

16   "allegations of emotional and/or physical suffering and harm, including . . . medical and/or

17   psychological and/or counseling reports."  Fox Decl., ¶ 2.  On September 27, 2023, Bois agreed

18   to "produce non-privileged documents" responsive to the request.  *Id.*  Bois produced 11 pages of

19   doctor's notes from seven therapy sessions.  *See id.* at ¶ 4.  Bois never supplemented her

20   production to include additional records, and she has not identified or designated an expert who

21   could offer testimony to support a claim of severe emotional distress.  *See id.*  Bois did not

22   provide a privilege log.  *See id.*  Fact discovery closed on November 27, 2023.  *See* ECF No. 35,

23   40.  Expert discovery closed on January 22, 2024.  *See* ECF Nos. 31, 40.

24        From the records Bois produced and her testimony, we understand that she started seeing

25   Dr. William Quick in 2018 or 2019 because "he specialized in prescription pharmacology or

26   prescription meds."  Bois Tr. 256:24-25.  Although Bois has seen therapists since she was in high

27   school, Dr. Quick has been Bois's sole psychiatrist and therapist since she started seeing him.  *See*

28   *id.* at 257:7-12, 266:3-8.  At the time of her November 30, 2023 deposition, Bois estimated that

she was then seeing Dr. Quick approximately every other week.  *See id.* at 286:4-12.

### III.    LEGAL ARGUMENT

#### A.    Bois Is Precluded From Proffering Lay Witness Testimony Of Her Diagnosis And The Causes Of Any Alleged Symptoms Or Disorders She May Have.

A lay witness may not testify to the nature and extent of a party's alleged emotional injuries without the knowledge, skill, experience, training, or education sufficient to qualify her as an expert on emotional or psychological distress.  *See* Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.").  Lay testimony regarding the diagnosis, prognosis or clinical severity of one's state of emotional health, derived solely from lay witnesses' own, untrained opinions or personal beliefs, is inadmissible.  *See Walker v. Contra Costa County*, 2006 U.S. Dist. LEXIS 86339, at *24-28 (N.D. Cal. Nov. 21, 2006) (excluding plaintiff's lay opinion testimony that defendant's actions exacerbated his heart condition as improper).  Furthermore, "Rule 701 has been used to bar lay witnesses from testifying as to ***their opinion on causation*** where such a determination would require the experience of an expert." *Lillie v. ManTech Int'l Corp.*, 2018 U.S. Dist. LEXIS 205355, at *15 (C.D. Cal. Dec. 3, 2018) (emphasis added).  Courts recognize that "[d]epression and anxiety disorder are complex injuries, requiring expert (as opposed to lay) testimony regarding ***diagnosis and causation***." *Hahn v. Minnesota Beef Indus., Inc.*, 2002 U.S. Dist. LEXIS 28876, at *8 (D. Minn. May 29, 2002) (emphasis added).

Thus, any lay opinion testimony by Bois concerning any medical diagnosis, the causes of her alleged emotional distress or medically-implicated attributes of her alleged emotional distress is inadmissible as improper opinions for which a lay witness is not qualified to offer.  *See, e.g.*, *id.* (prohibiting plaintiff, her husband and other lay witnesses from "testify[ing] about their beliefs as to how [plaintiff's] alleged emotional distress injuries were caused"); *Lillie*, 2018 U.S. Dist. LEXIS 205355, at *15 (C.D. Cal. Dec. 3, 2018) (granting motion *in limine* seeking "to exclude medical opinions as to the causation of plaintiff's alleged emotional distress and any diagnoses").

1   Instead, Bois should be limited to offering evidence of garden variety emotional distress, i.e., the

2   usual and customary emotional distress that may result from a workplace termination.  This

3   means that while Bois can "testify to her subject experience of distress, including how the alleged

4   conduct impacted her health, she may not opine on whether this distress caused her to suffer

5   particular mental conditions, including mental health conditions, or impacted her risk of suffering

6   such conditions in the future." *Graciani v. Providence Health & Servs.*, 2024 U.S. Dist. LEXIS

7   114988, at *7 (D. Alaska, June 28, 2024); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D.

8   Ill. 1999) ("garden variety" damages include "the negative emotions that [plaintiff] experienced

9   essentially as the intrinsic result of the defendant's alleged conduct," including "humiliation,

10  embarrassment, and other similar emotions," but excluding any "symptoms or conditions that

11  [plaintiff] suffered (*e.g.*, sleeplessness, nervousness, [and] depression").

12         As a lay person, Bois is unqualified to testify about her own medical or psychological

13  condition and diagnosis.  Courts have found "an allegation of a specific mental or psychiatric

14  injury or disorder" sufficient to warrant a mental examination under Federal Rule of Civil

15  Procedure 35."  *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995) ("cases suggest

16  that courts will order plaintiff to undergo mental examinations where the cases involve, in

17  addition to a claim of emotional distress . . . an allegation of a specific mental or psychiatric

18  injury or disorder").  However, if a specific mental or psychiatric injury or disorder warrants

19  medical examination, then the reverse is true: it is not a garden variety emotional distress claim.

20  *Cf. Turner* at 97 (Plaintiff's "claim for emotional distress damages is basically a 'garden-variety'

21  one, and therefore does not warrant an independent medical examination."); *see also Guzman v.

22  Chipotle Mexican Grill, Inc.*, 2018 U.S. Dist. LEXIS 134791, at *7 (N.D. Cal. Aug. 9, 2018)

23  (plaintiff who alleged that she "continues to suffer from symptoms, including depression, for

24  which she obtains treatment" and "continues to take fluoxetine for her depression" had "more

25  than the 'simple or usual' emotional distress in *Lira*, but are, instead, a specific psychiatric

26  disorder" and "more than garden variety emotional distress," warranting discovery of records).

27         To the extent Bois seeks to testify to any condition or specific disorder that she allegedly

28  experienced, or to the cause of any alleged symptoms or disorders, her testimony would go

1  beyond the scope of a garden variety emotional distress claim, and beyond the scope of her ability

2  to testify as a lay person.  Accordingly, Bois must be precluded from introducing such evidence at

3  trial.

4          **B.**    **Bois Should Be Precluded From Introducing Any Evidence Or Argument Regarding Any Document Or Other Information Relating To Her Alleged**

5             **Emotional Distress Not Previously Produced In Discovery.**

6        A party who fails to make a disclosure required under Rule 26(e) without "substantial

7  justification" cannot rely on withheld evidence on a motion or at trial.  Fed. R. Civ. P. 37(c)(1).

8  The party facing sanctions has the burden of proving its failure to comply with Rule 26 was

9  "substantially justified" or "harmless."  *Yetti By Molly, LTD v. Deckers Outdoor Corp.*, 259 F. 3d

10  1101, 1106 (9th Cir. 2001).  Unless the nondisclosure is "harmless" or excused by "substantial

11  justification," preclusion of the undisclosed evidence is mandatory.  *Id.*  "Rule 37(c)(1) gives

12  teeth to these requirements by forbidding the use at trial of any information required to be

13  disclosed by Rule 26(a) that is not properly disclosed." *Id.*

14        LS & Co. anticipates that Bois will seek to introduce documents, testimony or argument

15  about therapy sessions for which she did not produce Dr. Quick's notes.  LS & Co. never had an

16  opportunity to question Bois about any such documents at her deposition.  LS & Co. cannot

17  conduct discovery with a new court order, which "threatens whether [the] scheduled trial date is

18  viable" and "impairs the ability of the trial court to manage its docket."  *Ollier v. Sweetwater*

19  *Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (district court did not abuse its

20  discretion by excluding untimely disclosed witnesses from testifying at trial).  Bois should not be

21  allowed to introduce at trial for the first time any evidence previously withheld.  This would

22  constitute unfair surprise and unduly prejudice LS & Co. as it will be impossible for LS & Co. to

23  respond adequately in the midst of trial.  *See* Fed. R. Evid. 403.  Further, LS & Co. will have been

24  denied the opportunity to prepare fully for trial, despite having made diligent and appropriate use

25  of formal discovery procedures.

26  **IV.**   **CONCLUSION**

27        For the foregoing reasons, LS & Co. respectfully requests that the Court grant its motion

28  *in limine*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: February 28, 2025

PAUL HASTINGS LLP
CAMERON W. FOX
LINDSEY C. JACKSON


BY:      /s/ Cameron W. Fox
              CAMERON W. FOX

Attorneys for Defendant
LEVI STRAUSS & CO.

LS&CO.'S MOTION IN LIMINE NO. 2 RE: EMOTIONAL
DISTRESS EVIDENCE