1  BOIES SCHILLER FLEXNER LLP
   Joshua I. Schiller (SBN 330653)
2  jischiller@bsfllp.com
   44 Montgomery Street, 41st Floor
3  San Francisco, CA 94104
   Telephone: (415) 293-6800
4  Facsimile: (415) 293-6899

5  Benjamin Margulis (Admitted pro hac vice)
   bmargulis@bsfllp.com
6  55 Hudson Yards, 20th Floor
   New York, NY 10001
7  Telephone: (212) 446-2300
   Facsimile: (212) 446-2350

8
   Melissa Zonne (SBN 301581)
9  mzonne@bsfllp.com
   2029 Century Park East, Suite 1520
10 Los Angeles, CA 90067
   Telephone: (213) 629-9040
11 Facsimile (213) 629-9022

12 Counsel for Plaintiff Julia Bois

13 CAMERON W. FOX (SB# 218116)
   cameronfox@paulhastings.com
14 LINDSEY C. JACKSON (SB# 313396)
   lindseyjackson@paulhastings.com
15 PAUL HASTINGS LLP
   101 California Street
16 Forty-Eighth Floor
   San Francisco, California 94111
17 Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
18

19 Attorneys for Defendant
   LEVI STRAUSS & CO.

20                 **UNITED STATES DISTRICT COURT**

21      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

22 JULIA BOIS,                          | Case No. 3:23-CV-2772-TLT

23          Plaintiff,                   | **JOINT PROPOSED JURY
                                          | INSTRUCTIONS**
24      vs.

25 LEVI STRAUSS & CO.,                   | Courtroom:     9
                                          | Judge:         Hon. Trina L. Thompson
26          Defendant.
                                          | Complaint Filed:  June 5, 2023
27                                        | Trial Date:       April 28, 2025

28

The parties respectfully submit the following proposed Joint Jury Instructions for the Court's review.

Respectfully submitted this February 28, 2025.

BY: _/s/ Melissa Zonne_____
     MELISSA ZONNE

BOIES SCHILLER FLEXNER LLP
JOSHUA I. SCHILLER
BENJAMIN MARGULIS
MELISSA ZONNE

Attorneys for Plaintiff
JULIA BOIS

BY: _/s/ Cameron W. Fox_____
     CAMERON W. FOX

PAUL HASTINGS LLP
CAMERON W. FOX
LINDSEY C. JACKSON

Attorneys for Defendant
LEVI STRAUSS & CO.

**INDEX**

| Inst. No. | Source | Title | Agreed? | Plaintiff's Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| | | **INSTRUCTIONS ON THE TRIAL PROCESS** | | | |
| 1 | Ninth Cir. 1.2 | Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial) | X | | |
| 2 | Ninth Cir. 1.5 | Claims and Defenses | X | | |
| 3 | Ninth Cir. 1.6 | Burden of Proof—Preponderance of the Evidence | X | | |
| 4 | Ninth Cir. 1.7 | Burden of Proof—Clear and Convincing Evidence | X | | |
| 5 | Ninth Cir. 1.9 | What is Evidence | X | | |
| 6 | Ninth Cir. 1.10 | What is Not Evidence | X | | |
| 7 | Ninth Cir. 1.11 | Evidence for Limited Purpose | X | | |
| 8 | Ninth Cir. 1.12 | Direct and Circumstantial Evidence | X | | |
| 9 | Ninth Cir. 1.13 | Ruling on Objections | X | | |
| 10 | Ninth Cir. 1.14 | Credibility of Witnesses | X | | |
| 11 | Ninth Cir. 1.15 | Conduct of the Jury | X | | |
| 12 | Ninth Cir. 1.17 | No Transcript Available to Jury | X | | |
| 13 | Ninth Cir. 1.18 | Taking Notes | X | | |
| 14 | Ninth Cir. 1.19 | Questions to Witnesses by Jurors During Trial | X | | |
| 15 | Ninth Cir. 1.20 | Bench Conferences and Recesses | X | | |
| 16 | Ninth Cir. 1.21 | Outline of Trial | X | | |
| | | **INSTRUCTIONS ON THE TYPE OF EVIDENCE** | | | |
| 17 | Ninth Cir. 2.0 | Cautionary Instruction | X | | |
| 18 | Ninth Cir. 2.2 | Stipulations of Fact | X | | |
| 19 | Ninth Cir. 2.9 | Impeachment Evidence—Witness | X | | |

| Inst. No. | Source | Title | Agreed? | Plaintiff's Proposed | Defendant's Proposed |
|---|---|---|---|---|---|
| **INSTRUCTIONS CONCERNING DELIBERATIONS** | | | | | |
| 20 | Ninth Cir. 3.1 | Duty to Deliberate | X | | |
| 21 | Ninth Cir. 3.2 | Consideration of Evidence—Conduct of the Jury | X | | |
| 22 | Ninth Cir. 3.3 | Communication with Court | X | | |
| 23 | Ninth Cir. 3.5 | Return of Verdict | X | | |
| **DAMAGES** | | | | | |
| 24 | Ninth Cir. 5.1 | Damages—Proof | X | | |
| 25 | Ninth Cir. 5.2 | Measures of Types of Damages | X | | |
| 26 | Ninth Cir. 5.3 | Damages--Mitigation | X | | |
| **DISPARATE TREATMENT: TITLE VII & FEHA** | | | | | |
| 27 | Ninth Cir. 10.1 | Civil Rights—Title VII—Disparate Treatment—Promotion | | X | X |
| 28 | Ninth Cir. 10.3 | Civil Rights—Title VII—Disparate Treatment—"Because of" Defined | X | | |
| 29 | Ninth Cir. 10.13 | Civil Rights—Title VII—"Constructive Discharge" Defined | X | | |
| 30 | CACI No. 2500 | Civil Rights—FEHA—Disparate Treatment—Essential Elements | | X | |
| 31 | CACI No. 2507 | Civil Rights—FEHA—"Substantial Motivating Reason" Explained | | X | |
| 32 | CACI No. 2509 | Civil Rights—FEHA—"Adverse Employment Action" Explained | | X | |
| **MISC & PUNITIVE DAMAGES** | | | | | |
| 33 | Ninth Cir. 1.16 | Publicity During Trial | X | | |
| 34 | Ninth Cir. 5.5 | Punitive Damages | | X | |

<u>No. 1:  Duty of Jury (Court Reads and Provides Written Set of Instructions at the Beginning of Trial)</u>

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**Source:**  Ninth Circuit Model Instruction 1.2 – modified to complete bracketed text.

<u>No. 2:  Claims and Defenses (Plaintiff's)</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Julia Bois asserts that Levi Strauss failed to promote her to Senior Director positions for which she was qualified because of her sex.  The plaintiff has the burden of proving these claims.

Levi Strauss denies those claims.

**Source:**  Ninth Circuit Model Instruction 1.5 – modified to complete bracketed text.

<u>No. 2: Claims and Defenses (Defendant's)</u>

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Julia Bois asserts that Levi Strauss failed to promote her to Senior Director positions for which she was qualified  because of her sex.  The plaintiff has the burden of proving these claims.

Levi Strauss denies those claims.

**Source:**  Ninth Circuit Model Instruction 1.5 – modified to complete bracketed text.

<u>No. 3:  Burden of Proof—Preponderance of the Evidence</u>

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**  Ninth Circuit Model Instruction 1.6 – modified to complete bracketed text.

<u>No. 4:  Burden of Proof— Clear and Convincing Evidence</u>

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Source:**  Ninth Circuit Model Instruction 1.7 – modified to complete bracketed text.

<u>No. 5:  What is Evidence</u>

The evidence you are to consider in deciding what the facts are consists of:

    1.   the sworn testimony of any witness;

    2.   the exhibits that are admitted into evidence;

    3.   any facts to which the lawyers have agreed; and

    4.   any facts that I [may instruct] [have instructed] you to accept as proved.

**Source:**  Ninth Circuit Model Instruction 1.9 – modified to complete bracketed text.

No. 6:  What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**  Ninth Circuit Model Instruction 1.10 – modified to complete bracketed text.

<u>No. 7:  Evidence for Limited Purpose</u>

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Source:**  Ninth Circuit Model Instruction 1.11 – modified to complete bracketed text.

<u>No. 8:  Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:**  Ninth Circuit Model Instruction 1.12 – modified to complete bracketed text.

<u>No. 9:  Ruling on Objections</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:**  Ninth Circuit Model Instruction 1.13 – modified to complete bracketed text.

<u>No. 10:  Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:**  Ninth Circuit Model Instruction 1.14 – modified to complete bracketed text.

No. 11:  Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Source:** Ninth Circuit Model Instruction 1.15 – modified to complete bracketed text.

<u>No. 12:  No Transcript Available to Jury</u>

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

**Source:**  Ninth Circuit Model Instruction 1.17 – modified to complete bracketed text.

<u>No. 13:  Taking Notes</u>

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

**Source:**  Ninth Circuit Model Instruction 1.18 – modified to complete bracketed text.

<u>No. 14:  Questions to Witnesses by Jurors During Trial</u>

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Source:**  Ninth Circuit Model Instruction 1.19 – modified to complete bracketed text.

<u>No. 15:  Bench Conferences and Recesses</u>

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**  Ninth Circuit Model Instruction 1.20 – modified to complete bracketed text.

<u>No. 16:  Outline of Trial</u>

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff Julia Bois will then present evidence, and counsel for Levi Strauss may cross-examine. Then defendant Levi Strauss may present evidence, and counsel for Ms. Bois may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:**  Ninth Circuit Model Instruction 1.21 – modified to complete bracketed text.

No. 17:  Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Source:**  Ninth Circuit Model Instruction 2.0 – modified to complete bracketed text.

<u>No. 18:  Stipulations of Fact</u>

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

**Source:**  Ninth Circuit Model Instruction 2.2 – modified to complete bracketed text.

<u>No. 19:  Impeachment Evidence—Witness</u>

The evidence that a witness lied in the past may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:**  Ninth Circuit Model Instruction 2.9 – modified to complete bracketed text.

<u>No. 20:  Duty to Deliberate</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**  Ninth Circuit Model Instruction 3.1 – modified to complete bracketed text.

No. 21:  Consideration of Evidence—Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear

anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Source:**  Ninth Circuit Model Instruction 3.2 – modified to complete bracketed text.

No. 22:  Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source:**  Ninth Circuit Model Instruction 3.3 – modified to complete bracketed text.

<u>No. 23:  Return of Verdict</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**Source:**  Ninth Circuit Model Instruction 3.5 – modified to complete bracketed text.

<u>No. 24:  Damages—Proof</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Ms. Bois on one or more of her individual claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by Levi Strauss.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**  Ninth Circuit Model Instruction 5.1 – modified to complete bracketed text.

<u>No. 25:  Measures of Types of Damages</u>

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental, physical and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities and employment opportunities lost up to the present time;

The reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities and employment opportunities that with reasonable probability will be lost in the future.


**Source:**  Ninth Circuit Model Instruction 5.2 – modified to complete bracketed text.

<u>No. 26:  Damages—Mitigation</u>

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.       that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.       the amount by which damages would have been mitigated.


**Source:**  Ninth Circuit Model Instruction 5.3.

<u>No. 27:  **[PLAINTIFF'S PROPOSED INSTRUCTION]** Civil Rights—Title VII—Disparate Treatment—Promotion</u>

Julia Bois claims that she was not promoted to a Senior Director marketing position because of her sex. For that claim, the plaintiff has the burden of proving the following elements by a preponderance of the evidence:

1.  Ms. Bois was not promoted by Levi Strauss;

2.  Levi Strauss failed to promote Ms. Bois because of her sex;

3.  Ms. Bois was qualified to be promoted to the Senior Director position;

4.  One or more similarly situated male employees, non-pregnant employees, or employees without small children were promoted to Senior Director instead.

If Ms. Bois has proven each of these elements by a preponderance of the evidence, she is entitled to your verdict.

**Sources:**  Ninth Circuit Model Instruction 10.1 – modified to complete bracketed text; Comment to Model Instruction 10.1 ("To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably."  *Berry v. Dep't of Soc. Servs*., 447 F.3d 642, 656 (9th Cir. 2006).).

No. 27:  **[DEFENDANT'S PROPOSED INSTRUCTION]** Civil Rights—Title VII—Disparate Treatment—Promotion (Defendant's)

Julia Bois claims that she was not promoted in 2021 to the position of Senior Director of U.S. Retail Marketing, or in 2022 to the position of Senior Director of Wholesale Marketing, because of her sex. For that claim, the plaintiff has the burden of proving the following elements by a preponderance of the evidence as to each of those promotions:

5.  Ms. Bois was not promoted by Levi Strauss;

6.  Levi Strauss failed to promote Ms. Bois because of her sex;

7.  Ms. Bois was qualified for the promotion she sought;

8.  One or more similarly situated male employees received the promotion instead.

If Ms. Bois has proven each of these elements by a preponderance of the evidence, she is entitled to your verdict.

**Sources:**  Ninth Circuit Model Instruction 10.1 – modified to complete bracketed text; Comment to Model Instruction 10.1 ("To establish a prima facie case of disparate treatment under Title VII, a plaintiff must show "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006).).

<u>No. 28</u>:  Civil Rights—Title VII—Disparate Treatment—"Because of" Defined

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which Levi Strauss's decision not to promote Ms. Bois would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal her turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, a defendant cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as Ms. Bois's sex was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

**Source:**  Ninth Circuit Model Instruction 10.3 – modified to complete bracketed text.

<u>No. 29:  Civil Rights—Title VII— "Constructive Discharge" Defined</u>

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in Ms. Bois's position would feel compelled to resign.

**Source:**  Ninth Circuit Model Instruction 10.13.

No. 30:  **[PLAINTIFF'S PROPOSED INSTRUCTION]**[1] Civil Rights—FEHA— Disparate Treatment—Essential Elements

Ms. Bois claims that Levi Strauss wrongfully discriminated against her.  To establish this claim, Ms. Bois must prove all of the following:

1.    That Levi Strauss was an employer;

2.    That Ms. Bois was an employee of Levi Strauss;

3.    That Levi Strauss subjected Ms. Bois to an adverse employment action;

4.    That That Ms. Bois's sex (including, for example, her pregnancy, or status as a woman or a mother of young children) was a substantial motivating reason for Levi Strauss's conduct;

5.    That Ms. Bois was harmed; and

6.    That Levi Strauss's conduct was a substantial factor in causing Ms. Bois's harm.

**Source:**  2025 California Civil Jury Instructions (CACI) No. 2500.

---

[1] LS&Co. objects to this instruction on the ground that Plaintiff is not entitled to have instructions for *both* the federal *and* state claims read to the jury.  Plaintiff is to choose the federal instruction or the state instruction.  If the state instruction is selected, it should be tailored for the two promotions at issue, which this instruction is not.

Plaintiff disagrees.  The Court's decision on motion for summary judgment specifically stated that the motion was "DENIED" as to both FEHA and Title VII claims (though parts of those claims were found to be outside the statute of limitations.  [Dkt. 94 at 25.]  Plaintiff is therefore entitled to have the jury instructed on *both* claims as the jury will need to come to a verdict on both causes of action.

Plaintiff also urges that Defendant is also incorrect to say that the claims in this matter have been limited to two discreet instances of failure to promote—the Court's decision granted summary judgment only as to "the Title VII and FEHA [claims of] failure to promote to Senior Director of Marketing in Latin American in 2019 and Title VII failure to promote to Senior Director of U.S. Retail Marketing in 2021 based on sex discrimination" as "time barred."  [*Id.*]

No. 31:  **[PLAINTIFF'S PROPOSED INSTRUCTION]**[2] Civil Rights—FEHA—"Substantial
Motivating Reason" Explained

     A "substantial motivating reason" is a reason that actually contributed to Levi Strauss's decision not to promote Ms. Bois.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision not to promote Ms. Bois.

**Source:**  2025 California Civil Jury Instructions (CACI) No. 2507.

---

[2] LS&Co. objects to this instruction on the ground that Plaintiff is not entitled to have instructions for BOTH the federal AND state claims read to the jury.  Plaintiff is to choose the federal instruction or the state instruction.

Plaintiff disagrees.  The Court's decision on motion for summary judgment specifically stated that the motion was "DENIED" as to both FEHA and Title VII claims (though parts of those claims were found to be outside the statute of limitations.  [Dkt. 94 at 25.]  Plaintiff is therefore entitled to have the jury instructed on *both* claims as the jury will need to come to a verdict on both causes of action.

<u>No. 32:</u>  **[PLAINTIFF'S PROPOSED INSTRUCTION]**[3] Civil Rights—FEHA—"Adverse Employment Action" Explained

Ms. Bois must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion.  There is an adverse employment action if Levi Strauss has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Ms. Bois's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.

However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

**Source:**  2025 California Civil Jury Instructions (CACI) No. 2509.

---

[3] LS&Co. objects to this instruction on the ground that Plaintiff is not entitled to have instructions for BOTH the federal AND state claims read to the jury.  Plaintiff is to choose the federal instruction or the state instruction.  *Moreover, this state instruction is irrelevant to the claims in the case, which are limited to two specific promotion decisions.*

Plaintiff disagrees.  The Court's decision on motion for summary judgment specifically stated that the motion was "DENIED" as to both FEHA and Title VII claims (though parts of those claims were found to be outside the statute of limitations.  [Dkt. 94 at 25.]  Plaintiff is therefore entitled to have the jury instructed on *both* claims as the jury will need to come to a verdict on both causes of action.

Plaintiff also urges that Defendant is also incorrect to say that the claims in this matter have been limited to two discreet instances of failure to promote—the Court's decision granted summary judgment only as to "the Title VII and FEHA [claims of] failure to promote to Senior Director of Marketing in Latin American in 2019 and Title VII failure to promote to Senior Director of U.S. Retail Marketing in 2021 based on sex discrimination" as "time barred."  [*Id.*]

No. 33: Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source:**  Ninth Circuit Model Instruction 1.16

<u>No. 34:</u>  **[PLAINTIFF'S PROPOSED INSTRUCTION]**[4]  Punitive Damages

If you find for Plaintiff Julia Bois, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that Levi Strauss's conduct that harmed Ms. Bois was malicious, oppressive or in reckless disregard of Ms. Bois's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

---

[4] LS&Co. objects to this instruction on the ground that LS&Co. does not believe that punitive damages are still at issue in the case given the narrowing of the claims on summary judgment. If this instruction is given, it is subject to LS&Co.'s request to bifurcate, as stated in the Pretrial Statement.

Plaintiff disagrees; nothing in the Court's decision on motion for summary judgment explicitly forbids an award of punitive damages.

should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Ms. Bois.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source:**  Ninth Circuit Model Instruction 5.5 – modified to complete bracketed text.