**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Counsel for Plaintiff Julia Bois*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA BOIS,<br><br>Plaintiff,<br><br>vs.<br><br>LEVI STRAUSS & CO.,<br><br>Defendant. | Case No. 3:23-cv-2772-TLT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 RE: EXCLUDING ALL ARGUMENT AND EVIDENCE RELATING OR REFERRING TO THE 2019 SENIOR DIRECTOR, LATAM MARKETING PROMOTION DECISION**<br><br>Complaint Filed: June 5, 2023<br>Trial Date: April 28, 2025 |

**OPPOSITION TO MOTION IN LIMINE NO. 1**
**Excluding All Argument and Evidence Relating or Referring to the 2019 Senior Director, Latam Marketing Promotion Decision**

### I. INTRODUCTION

Defendant Levi Strauss & Co.'s ("LS&Co.") seeks to exclude evidence relating to the 2019 Senior Director, LATAM Marketing failure to promote decision—including comments by Plaintiff Julia Bois's supervisor that she would not consider a woman for the position. Because the Court dismissed that particular Title VII and FEHA claim as time-barred, Defendant argues that evidence concerning the 2019 failure to promote is irrelevant to Ms. Bois's theory of the case and would unduly prejudice Defendant.

But the Court has already recognized the evidence's admissibility. On summary judgment, the Court held that "Plaintiff may use the evidence surrounding the time-barred claims in support of the surviving claim as background evidence." ECF No. 94 at 7; *see also id.* at 8. In clarifying the scope of issues at trial in its March 10, 2025 Order (ECF No. 121) the Court did not contradict this holding or otherwise exclude evidence surrounding time-barred claims. Defendant's motion does not address the Court's holding at all, and instead relies on inapposite case law.

As the Court recognized, the challenged evidence is relevant to showing that "LS&Co. had a discriminatory motive" in failing to promote Ms. Bois in 2021 and 2022. *Id.* at 17. For example, Defendant will likely argue that Ms. Bois's supervisor, Stacy Doren, could not have harbored discriminatory intent, based on a handful of instances where Ms. Doren had intervened on Ms. Bois's behalf. Therefore, evidence that Ms. Doren stated she could not put Ms. Bois in the Latin America position because "you are a woman" is relevant to disproving one of Defendant's anticipated defenses.

Defendant's arguments on prejudice are also meritless. It has not identified any credible danger of "unfair prejudice" or "misleading the jury"—let alone a danger that "substantially outweighs" the significant probative value of the challenged evidence.

## I. RELEVANT FACTUAL BACKGROUND

In 2019, Ms. Bois learned of a Senior Director-level marketing position available in Latin America. She worked under Ms. Doren at the time. In addition to being her supervisor and manager, Ms. Doren was also the "hiring manager" who had the sole ability to recommend her direct reports, including Ms. Bois, for promotion. Declaration of Melissa Zonne ("Zonne Decl."), ¶ 2, Ex. A (Bois Tr. 18:23-19:1, 124:3-4)

But when Ms. Bois inquired about the Senior Director position in Latin America, Ms. Doren informed Ms. Bois she could not even be considered for the position because she was a woman. *Id*. As Ms. Doren explicitly put it in no uncertain terms: "I cannot put you down there because you are a woman." *Id.* This, unfortunately, was in line with LS&Co's existing practices, as LS&Co had never put a woman in the Senior Director position for that region. Zonne Decl., ¶ 3, Exs. B & C (Defendant's Supplemental Interrogatory Response and Request for Admission Response). Instead, LS&Co promoted a male employee named Curtis Hanlon to the position.

In its summary judgment order, the Court repeatedly recognized the admissibility and relevance of the challenged evidence, despite dismissing the individual Title VII and FEHA claim as time barred. Citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), the Court stated that "prior acts of discrimination may be used as 'background evidence' in supporting such timely filed claims." ECF No. 94 at 6-7. Because the 2022 failure to promote claim under Title VII was timely filed, "Plaintiff may use the evidence surrounding the time-barred claims in support of the surviving claim as background evidence." *Id.* at 7; *see also id.* at 8 (holding in regard to the FEHA claim that, while time barred, the conduct surrounding the 2019 failure to promote "may be used as background evidence" for the surviving 2021 and 2022 FEHA claims).

The Court also stated that the challenged evidence was relevant to two disputed issues: (1) whether the Latin America position required channel marketing experience (*id.* at 17), and (2) whether the same actor inference applies based on Ms. Doren's involvement in both the challenged discriminatory conduct and in past favorable employment action (*id.* at 19). The Court explained that the conduct surrounding the 2019 failure to promote provided "background evidence that

-3-

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1
CASE NO. 3:23-CV-2772-TLT

LS&Co. had a discriminatory motive." *Id.* at 17. As a result, the questions raised by the challenged evidence must "be resolved by the factfinder." *Id.* at 19.

## II. LEGAL ARGUMENT

### 1. **The Court Correctly Held That Conduct Surrounding the 2019 Failure to Promote Was Relevant to Ms. Bois's Remaining Gender-Discrimination Claims.**

As discussed above, the Court in its summary judgment order recognized the admissibility and relevance of the challenged evidence to Ms. Bois's theory of the case. Defendant's motion is silent as to the Court's holding. Nor does it address the Supreme Court's decision in *Morgan*, on which this Court relied.

Instead, Defendant makes the overly broad argument that evidence relating to a dismissed claim must automatically be excluded as irrelevant to any remaining claim. ECF No. 107 at 4. Its cited case law, however, is inapposite. *See Seymore v. Shawyer & Son, Inc.*, 111 F.3d 794, 801 (10th Cir. 1997), *abrogated on other grounds as recognized by Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014) (excluding evidence relating to dismissed claim, where cartoon at issue was equally offensive to men and women and was therefore not probative of sexual harassment).

Defendant's arguments also conflict with Ninth Circuit precedent. In *Lyons v. England*, the Ninth Circuit explicitly held that evidence of time-barred acts may be "offered for its probative value in assessing whether the employer's justifications for its present conduct lack credibility" and may also serve "as indirect proof of the employer's intent to discriminate." 307 F.3d 1092, 1112 (9th Cir. 2002); *see also Dominguez–Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1031–32, 1038 (9th Cir. 2005) (discriminatory statements from 1994 relevant to proving discriminatory promotion decision five years later).

Applying these principles, numerous district courts have admitted evidence regarding a previously dismissed claim in a discrimination case. For example, the court in *Ingle v. Circuit City*, 2006 WL 6086293 (S.D. Cal. Feb. 6, 2006), dismissed the plaintiff's sex discrimination claims as time-barred, but admitted evidence related to these prior acts because it was relevant to the plaintiff's surviving claim that she suffered from a stress-induced mental condition requiring

accommodation. The court in *Tijerina v. Alaska Airlines, Inc.*, 2024 WL 270090 (S.D. Cal. Jan. 24, 2024), also admitted evidence relating to dismissed claims, where evidence of prior acts supported the plaintiff's "'subjective' perception that the working environment was offensive."

Like in those cases, the challenged evidence here is relevant to several disputed issues. As the Court already held, the 2019 failure to promote is relevant to showing Defendant's discriminatory motive and is therefore admissible. *See Castro v. City of New York*, 2012 WL 592408, at *3 (S.D.N.Y. Feb. 24, 2012) (admitting evidence of dismissed claims because a racially offensive comment by the plaintiff's supervisor was "probative" of whether the defendant "harbored discriminatory intent and motive as to the adverse employment actions that remain within the scope of the case").

Moreover, the challenged evidence supports Ms. Bois's claims for constructive discharge and damages for emotional distress. It shows that Ms. Bois had been chasing the Senior Director position *since at least 2019*, and that she had patiently waited, *for years*, while Ms. Doren broke promise after promise. As a key example of the mistreatment and discrimination Ms. Bois continually suffered during her employment at LS&Co., the evidence is relevant and should not be excluded. *See Bagley v. Bel-Aire Mech. Inc.*, 647 F. App'x 797, 800 (9th Cir. 2016) (holding that evidence concerning a time-barred claim for involuntary transfer was relevant to remaining claim for retaliation based on the plaintiff's subsequent termination).

**2. It Is Plaintiff, Not Defendant, That Will Suffer Undue Prejudice If The Evidence Is Excluded.**

Defendant argues that admitting the challenged evidence would "confuse and mislead the jury," because there is a risk the jury would focus on that evidence instead of the "specific factual questions concerning the 2021 and 2022 failure to promote claims." ECF No. 107 at 4-5. However, any concerns about jury confusion can be addressed through jury instructions. *See Douglass v. Nat'l Fed'n of Indep. Bus.*, 67 F.3d 306 (9th Cir. 1995) (holding that the court erred in excluding "highly probative evidence" when it should have instead issued limited jury instruction because "evidence of discrimination occurring outside an actionable time period may constitute relevant background evidence in determining present discriminatory action"). Further, arbitrarily limiting Plaintiff from

referencing the full timeline of her career at LS&Co. would be more likely to cause jury confusion. The jury is entitled to these facts, and can then be instructed as to limitations on the legal claims.

Nor is there any merit to Defendant's claim that admission would "unnecessarily consume time and increase the length of the trial." ECF No. 107 at 5. The evidence concerning the 2019 failure to promote decision is largely between two people, Ms. Bois and Ms. Doren, who will already be testifying. And "[w]hile the jury naturally has to determine the credibility of witness testimony in order to assess the weight it should be accorded, this is not the sort of undue delay and waste of time that the Rules contemplate." *Obrey v. Johnson*, 400 F.3d 691, 698–99 (9th Cir. 2005).

Lastly, it is not Defendant but Ms. Bois that will suffer undue prejudice if the Court excludes the challenged evidence. In order to fully respond to Defendant's anticipated defense, Ms. Bois must be permitted to refer to the 2019 failure to promote decision. Defendant will likely seek to introduce evidence that Ms. Doren previously helped Ms. Bois in her career on a select few occasions. Allowing Defendant to point to those instances, while excluding evidence concerning Ms. Doren's discriminatory comments, will give the jury an inaccurate and incomplete picture of her intent. The risk of prejudice therefore weighs in favor of allowing the evidence at trial.

### III.     CONCLUSION

Ms. Bois respectfully requests that the Court deny Defendant's motion in limine to exclude evidence or testimony related to the 2019 Senior Director, LATAM Marketing promotion decision.

DATED: March 14, 2025                                **BOIES SCHILLER FLEXNER LLP**

By:  */s/ Joshua I. Schiller*
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted pro hac vice)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001

Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Counsel for Plaintiff Julia Bois

-7-

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 1
CASE NO. 3:23-CV-2772-TLT