**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

*Counsel for Plaintiff Julia Bois*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA BOIS,<br><br>  Plaintiff,<br><br>vs.<br><br>LEVI STRAUSS & CO.,<br><br>  Defendant. | Case No. 3:23-cv-2772-TLT<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 RE: EXCLUDING ALL ARGUMENT AND EVIDENCE RELATING OR REFERRING TO ANY EMOTIONAL DISTRESS BEYOND WHAT WAS INCLUDED IN PLAINTIFF'S PRODUCED THERAPIST NOTES AND DEPOSITION TESTIMONY**<br><br>Complaint Filed: June 5, 2023<br>Trial Date: April 28, 2025 |

## I. INTRODUCTION

Defendant Levi Strauss & Co.'s ("LS&Co.") seeks to limit testimony from lay witnesses, including Plaintiff Julia Bois herself, regarding the emotional distress she suffered while employed by Defendant, and to exclude all argument and evidence relating or referring to any emotional distress beyond what was included in Ms. Bois's produced therapist notes and what she testified to in deposition. As it relates to lay testimony, Defendant misconstrues FRE 701, which expressly allows testimony that is "rationally based on the witness's perception" of Ms. Bois's general mental state. And regarding the potential for additional evidence, Defendant can claim no prejudice. Though Defendant was fully aware of the identity of Ms. Bois's doctor—who is not identified as a witness in this case—and aggressively examined Ms. Bois regarding her therapy sessions with her doctor during deposition, Defendant failed to depose Ms. Bois's doctor or to conduct an Independent Medical Examination of Ms. Bois.[1] Defendant cannot now claim prejudice and seek to exclude that same evidence. The Court should deny Defendant's motion.

## II. LEGAL ARGUMENT

1. <u>Under FRE 701(a), Ms. Bois May Offer Testimony That Is Rationally Based On Her Perception Of Her General Mental State, To Include Feelings Of Depression, Anxiety, And Trauma.</u>

Defendant argues that FRE 701 precludes Ms. Bois from testifying as to "any medical diagnosis, the causes of her alleged emotional distress or medically-implicated attributes of her alleged emotional distress." ECF No. 108 at 3. Defendant's specific request is unclear, but it appears that Defendant seeks to prevent Ms. Bois from testifying about the feelings of depression, anxiety, and trauma she experienced as a result of Defendant's discriminatory acts. Because Ms. Bois is a lay witness, Defendant argues that she is "ill-equipped and unqualified to testify on these complex issues requiring scientific, technical and/or specialized knowledge." *Id.* at 2.

---

[1] On the day this Opposition was due, Defendant raised via email a belated argument that Plaintiff's doctor, Dr. Quick, should be withdrawn as a witness because he was not disclosed in Plaintiff's Initial Disclosures. Plaintiff has added a brief section addressing this issue, but maintains that the motion in limine deadline to raise such issue and thoroughly brief it has passed, even if the argument had merit—it does not. *See* Section II(2).

-2-

PLAINTIFF'S OPPOSITION TO MOTION IN LIMINE NO. 2
CASE NO. 3:23-CV-2772-TLT

1    Defendant is wrong. FRE 701(a) provides that a lay witness like Ms. Bois may offer testimony that is "rationally based on [her] perception." That includes Ms. Bois's "perception" of: her feelings, mental state, and pain, and how her feelings and mental state changed when she was denied promotion after promotion. Because Ms. Bois has direct perceptive knowledge of the depression, anxiety, and trauma she suffered while working at LS&Co., she is entitled to support her claim for emotional distress damages with such testimony.

Defendant suggests that testimony as to "depression, anxiety, and trauma" are issues reserved for medical experts. Not so. The Ninth Circuit has held that a plaintiff suing for discrimination is allowed to testify about his "mental distress, anxiety, and depression" in support of his noneconomic damages claim. *January. v. Dr Pepper Snapple Grp., Inc.*, 594 F. App'x 907, 911 (9th Cir. 2014); *see also Farfaras v. Citizens Bank & Tr. of Chicago*, 433 F.3d 558, 563 (7th Cir. 2006) (affirming trial court's decision to allow lay testimony that the plaintiff "lost self-esteem, gained weight, had problems sleeping, changed demeanor, and became nervous" as a result of the defendant's discriminatory actions).

Numerous district courts have also permitted plaintiffs to testify as to their feelings of depression, anxiety, and related symptoms. *See Sanchez v. Master Prot., LP*, 2022 WL 2092995, at *2 (C.D. Cal. May 4, 2022) (admitting testimony that the plaintiff "felt depressed, anxious, or sleep deprived"); *Perona v. Time Warner Cable*, 2016 WL 8933625, at *3 (C.D. Cal. Mar. 24, 2016) (same regarding the plaintiff's "distress, anxiety, and pain"). It is irrelevant that the terms "depression" and "anxiety" have a medical definition, because "a reasonable jury can be expected to understand the difference between lay use of an adjective and an expert's use of the same word to describe a specific psychological condition." *Farfaras*, 433 F.3d at 565.

Many of the cases cited in Defendant's motion support Plaintiff's position. *See Graciani v. Providence Health & Servs.*, 2024 U.S. Dist. LEXIS 114988, *7 (holding that the plaintiff "may testify to her subjective experience of distress, including how the alleged conduct impacted her health"); *Lillie v. ManTech Int'l. Corp.*, 2018 WL 6323076, at *5 (C.D. Cal. Dec. 3, 2018) (same regarding the plaintiff's "emotional distress and medically-related experiences under Rule 701"); *Walker v. Contra Costa Cnty.*, 2006 WL 3371438, at *9 (N.D. Cal. Nov. 21, 2006) (same regarding

the plaintiff's "own experience of his health, his stress level, and his symptoms of heart disease, and when they occurred").

Defendant's other cited case law is inapposite. *See Hahn v. Minnesota Beef Indus., Inc.*, 2002 WL 32658476, at *3 (D. Minn. May 29, 2002) (holding that the plaintiff did not establish an "adequate basis for her expert's proposed testimony," and therefore dismissing her claim for emotional distress damages in its entirety); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309 (N.D. Ill. 1999) (holding that the plaintiff voluntarily narrowed her emotional distress claim by refusing to disclose her psychological records). Nor does it matter that Ms. Bois's claims for emotional distress are of a "garden-variety," *i.e.*, the kind that any person would experience working for years in a blatantly discriminatory and abusive work environment. *See Sanchez*, 2022 WL 2092995, at *2 (permitting plaintiff to testify on his mental state even though the claim was for "garden-variety" emotional distress).

In addition to testimony on her mental distress and related symptoms, the Court should also permit testimony as to Ms. Bois's diagnosis and treatment for depression and anxiety. *See Asberry v. Relevante*, 2023 WL 2563243, at *5 (E.D. Cal. Mar. 17, 2023) (allowing the plaintiff to testify regarding his understanding of his diagnosis). "Just because a lay witness cannot testify about his opinion as to the causation of the emotional distress does not mean that a plaintiff cannot testify about the surrounding facts which prove a causal link between the alleged wrong and the alleged damage, even without an expert." *Boren v. Harrah's Ent. Inc.*, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010). Testimony regarding Ms. Bois's diagnosis and treatment falls within the scope of her lay opinion, and is therefore admissible.

2. <u>Ms. Bois's Witnesses—Including Her Treating Psychiatrist Whom Defendant Has Known About Since Early in Discovery—May Also Testify As To Their Perception of Her General Mental State.</u>

For the same reasons discussed above, other witnesses may also give testimony that is "rationally based on the witness's perception" of Ms. Bois's feelings of depression, anxiety, and related symptoms. *See Pinson v. United States*, 2023 WL 5814524, at *4 (D. Ariz. Sept. 8, 2023)

1  ("Such observations 'result from a process of reasoning familiar to everyday life.'" (citing FRE 701
2  Adv. Comm. Notes (2000)).

3   Defendant has, since filing its Motion and on the day this Opposition is due, belatedly demanded that Plaintiff withdraw Dr. Quick as a witness because he was not disclosed in Plaintiff's Initial Disclosures or in expert discovery, despite the fact that Plaintiff timely included him on her proposed joint witness list on March 1, 2025. To be clear, Defendant had every opportunity to raise this issue in its Motion in Limine No. 2, where it discussed Dr. Quick extensively, and specifically asserted that **Ms. Bois** cannot testify or introduce evidence that had not been previously produced regarding her emotional distress. Defendant failed to do so and cannot now move to exclude Dr. Quick. By addressing the issue briefly herein, Plaintiff does not waive her timeliness argument.

   Nevertheless, Defendant's demand is wholly without merit. Defendant could not have been prejudiced because—in addition to the fact that the disclosure was timely—Defendant already had extensive knowledge about Dr. Quick and his potential role at trial. Plaintiff produced Dr. Quick's therapy notes in her initial document production during discovery. Plaintiff is entitled to assess her trial strategy and wait to finalize exactly who she plans to call until the pretrial documents are due. This would only be problematic if Defendant had not had the opportunity to conduct discovery related to Dr. Quick. However, Defendant discussed Dr. Quick and his therapy sessions with Ms. Bois extensively at her deposition. Defendant had every opportunity to depose Dr. Quick thereafter. Defendant's lead counsel even asserted that *they* would be calling Dr. Quick as a witness at trial: "MS. FOX: Because we're going to have --**we'll have Dr. Quick testify at trial**. I need to find out from the witness how she quantifies this, because it goes directly to her credibility in her complaint." (Declaration of Melissa Zonne ("Zonne Decl."), ¶ 2, Ex. A (Bois Tr. 278:2-10.)(emphasis added). Finally, Dr. Quick has not been identified as an expert witness and will not be testifying as such. He is a percipient witness who is Ms. Bois's treating psychiatrist, and will be testifying in that capacity. Defendant can cross-examine Dr. Quick and his qualifications on the stand. This issue should be rejected in its entirety as it is both untimely and meritless.

### 3. Defendant Cannot Show That They Would Be Prejudiced By Introduction of Additional Evidence Concerning Ms. Bois's Therapy Sessions.

There can be no dispute that evidence concerning Ms. Bois's therapy sessions is relevant. Ms. Bois intends to testify as to her treatment during her employment, and the challenged evidence supports her claim that LS&Co.'s discriminatory conduct caused the need for such treatment (and the subsequent diagnoses). That is exactly the kind of probative evidence that must be admitted under Rule 402. Indeed, excluding that evidence would unduly prejudice Ms. Bois, and mislead the jury, by depriving Ms. Bois of a full opportunity to explain the circumstances for her treatment.

Defendant also cannot argue that the introduction of this evidence would be prejudicial. Plaintiff produced several pages of notes from seven individual therapy sessions she had with Dr. Quick. ECF No. 108 at 2. Defendant also cites to numerous portions of Ms. Bois's deposition transcript in which Defendant aggressively examined Ms. Bois about her therapy sessions and past mental health treatment. *Id.* at 2-3. Defendant was aware of the identity of Ms. Bois's doctor and of the conditions she plans to assert at trial. Yet Defendant declined to depose Dr. Quick, or to conduct its own independent medical examination (IME) of Ms. Bois. Defendant cannot now claim it has been deprived of any opportunity regarding its ability to prepare for trial on this topic.

None of Defendant's cases support exclusion here. Unlike in *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001), there would be no need for another deposition of Ms. Bois because the challenged evidence directly relates to a fully-covered deposition topic. And this situation is entirely different from *Ollier v. Sweetwater Union High School District.*, 768 F.3d 843, 862 (9th Cir. 2014), in which a party sought to identify **38** additional fact witnesses after the close of discovery. The challenged evidence here is much more limited than the late-addition of numerous fact witnesses.

### III. CONCLUSION

Ms. Bois respectfully requests that the Court deny Defendant's motion in limine to exclude all argument and evidence relating or referring to any emotional distress beyond what was included in Plaintiff's produced therapist notes and deposition testimony.

DATED: March 14, 2025

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Joshua I. Schiller*
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted pro hac vice)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Counsel for Plaintiff Julia Bois