1  BOIES SCHILLER FLEXNER LLP
   Joshua I. Schiller (SBN 330653)
2  jischiller@bsfllp.com
   44 Montgomery Street, 41st Floor
3  San Francisco, CA 94104
   Telephone: (415) 293-6800
4  Facsimile: (415) 293-6899

5  Benjamin Margulis (Admitted *pro hac vice*)
   bmargulis@bsfllp.com
6  55 Hudson Yards, 20th Floor
   New York, NY 10001
7  Telephone: (212) 446-2300
   Facsimile: (212) 446-2350
8
   Melissa Zonne (SBN 301581)
9  mzonne@bsfllp.com
   2029 Century Park East, Suite 1520
10 Los Angeles, CA 90067
   Telephone: (213) 629-9040
11 Facsimile: (213) 629-9022

12
13 *Counsel for Plaintiff Julia Bois*

14

15                    UNITED STATES DISTRICT COURT

16           NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

17

18 | JULIA BOIS,              | Case No. 3:23-cv-2772-TLT
19 |        Plaintiff,        | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 3 RE: EXCLUDING ALL ARGUMENT AND EVIDENCE RELATING TO ANY ATTEMPTS BY PLAINTIFF TO FIND NEW EMPLOYMENT (OR OTHERWISE MITIGATE HER ECONOMIC DAMAGES)**
20 |   vs.                    |
21 | LEVI STRAUSS & CO.,      |
22 |        Defendant.        |
23 |                          |
24 |                          |
25 |                          | Complaint Filed: June 5, 2023
   |                          | Trial Date: April 28, 2025

26
27
28

**OPPOSITION TO MOTION IN LIMINE NO. 3**
**Excluding All Argument and Evidence Relating to Any Attempts by Plaintiff to Find New Employment (Or Otherwise Mitigate Her Economic Damages)**

As Plaintiff asserted in meet-and-confer efforts prior to its filing, Defendant's Motion in Limine No. 3 ("Motion") is a waste of time and judicial resources as the parties do not disagree as to the fundamental principle underlying the Motion: no party is permitted to "surprise" the other at trial with evidence that has not been previously exchanged.

There is no need for a *limine* order instructing Plaintiff not to do something that is already prohibited. Plaintiff has no intention to produce documents at trial on any subject that Defendant has never seen, and if she did do so, surely Defendant would object accordingly. As to the specific content that is the subject of Defendant's Motion—Ms. Bois's efforts to mitigate her damages by seeking new employment—Ms. Bois complied fully during discovery and at her deposition, and has also produced communications she has had since then (in the past few months) regarding mitigation efforts. She does not intend to offer anything else at trial, as nothing else exists.

During meet-and-confer discussions in advance of the filing of this Motion—long after the close of discovery—counsel for Plaintiff collected and produced all documents related to Ms. Bois's further efforts to find a new job in the time since discovery and depositions in this matter. In an effort to eliminate the need for this Motion, Plaintiff offered to stipulate then—and agrees now—that she will not introduce further records at trial that have not been produced to Defendant (aside from impeachment evidence). It is well-settled law that it unfairly prejudices a party to introduce surprise documents at trial.

However, Plaintiff could not agree upon a stipulation to any limitation of her own testimony at trial. On this point, Defendant and its Motion go too far. Ms. Bois's testimony at trial should not be limited by her deposition testimony or the documents she produced, and Defendant cites no authority asserting otherwise. It would be an absurd result to limit truthful testimony merely because circumstances have changed since the witness was deposed. Plaintiff must be allowed to testify regarding her recent efforts to the extent there is further explanation

beyond the four corners of her document production. Defendant is free to cross-examine and impeach Ms. Bois regarding any perceived inconsistencies. Nevertheless, there is no inconsistency here—Ms. Bois has pursued some new employment opportunities since her deposition was taken. To date, Ms. Bois has remained unemployed since her departure from LS&Co.

It is not clear by Defendant's Motion exactly what relief it seeks. Plaintiff does not intend to introduce documentary evidence of her efforts to mitigate her damages that has not been produced in this case. However, there is no basis to exclude the entire category of Ms. Bois's efforts to mitigate her damages as it proposes at the end of its Motion. (Mot., p. 5.)

Defendant does not articulate, nor is there, any risk of harm if Ms. Bois were to testify to her efforts to find a job since she was deposed. Defendant will have the opportunity to cross-examine and, if necessary, attempt to impeach Plaintiff.

There is no basis to limit any testimony from Ms. Bois on this topic or to exclude any documents already produced.

**I.  THERE IS NO BASIS FOR A WHOLESALE EXCLUSION OF EVIDENCE REGARDING PLAINTIFF'S MITIGATION EFFORTS.**

**A.  Plaintiff Did Not Delay Production of Documents Related to Mitigation or Otherwise Violate Rule 26.**

As set forth in the Motion, Ms. Bois produced in discovery one instance from April 2023 in which she had a potential employment opportunity and ultimately declined to take it. Likewise, when Ms. Bois was deposed in November 2023, she testified that she still had not yet sought a new job or worked in any capacity since she was constructively terminated by LS&Co. As Ms. Bois will testify at trial, though she had hoped otherwise, she determined that she was not emotionally, mentally or physically prepared to start working again so soon after her experience with LS&Co.

As set forth in Defendant's Motion, in February 2025, Plaintiff made a ten-page supplemental production of documents related to her recent mitigation efforts. This production

consisted of: a January 2025 text message conversation inquiring about a contact's connection to a hiring manager for a job Ms. Bois saw on LinkedIn; LinkedIn messages with four recruiters dated August 2024 through January 2025; and an email with TopResume regarding updates to her resume dated September 2024.

Thus, Defendant's implication that Plaintiff somehow "fail[ed] to timely disclose information or documents related to her mitigation efforts" pursuant to Rule 26 is unfounded. Mot. at 4. There was no "delay," and so Ms. Bois is not required to justify the reference to these efforts at trial. At the time of Rule 26 disclosures, Plaintiff's document productions, and Plaintiff's deposition, none of these conversations had yet taken place.

For these reasons, none of the cases cited in the Motion have any bearing on this matter. The majority of the authority cited by Defendant impose an obligation to justify some either inadvertent or intentional delay or outright failure in producing information in a Rule 26 disclosure, which circumstances do not exist here. (*See, e.g.*, *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (Despite a pretrial order giving a final deadline to disclose expert witnesses, Plaintiff failed to identify an expert after the deadline, without showing that he could not have reasonably anticipated the need for the witness prior to the deadline); *Tobias v. City of Los Angeles*, 2018 U.S. Dist. LEXIS 228981, at *15 (C.D. Cal. Dec. 7, 2018) (defendant inadvertently failed to include several witnesses in their initial disclosures, causing harm to plaintiff because he was unaware of the substance of their possible testimony); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) (defendant provided its only damages expert's report two years after the close of discovery without substantial justification, causing harm to plaintiff who were unable to depose the expert or properly prepare to examine the expert at trial); *Hoffman v. Construction Protective Services, Inc.* (9th Cir. 2008) 541 F.3d 1175, 1179-1180) (The plaintiff failed entirely to produce damages calculations).

Likewise, Ms. Bois's circumstances are not comparable to those in which the plaintiff withheld existing discovery only to attempt to produce it on the eve of or during trial. For example, in *Popovic v. Spinogatti*, the plaintiffs refused to disclose any damages calculations during discovery, and repeatedly asserted that a specific fact witness would not testify regarding damages,

1  including at the witness's deposition. *Popovic v. Spinogatti,* No. CV-15-00357-PHX-JJT, 2016 WL
2  2893426, at *8-9 (D. Ariz. May 18, 2016). However, after discovery had closed, the plaintiffs
3  attempted to introduce that evidence, including from the same fact witness who had previously
4  declined to offer such testimony. *Id.*

5  Here, Ms. Bois has provided the information in her possession at the time of each inquiry.
6  She must be allowed to freely testify regarding that information.

### B.  There is No Risk of Prejudice or Harm to Defendant Because Plaintiff Does Not Intend to "Surprise" Defendant at Trial.

9   Defendant does not assert that it has suffered any harm thus far. Instead, Defendant appears
10  to acknowledge that it has not yet been harmed but that harm could occur from the hypothetical
11  future disclosure of more mitigation evidence—which Plaintiff does not have and thus does not
12  intend to introduce. (Mot. at 5.)("An untimely disclosure of mitigation evidence ***would be*** harmful
13  to LS&Co.")(Emphasis added.) There is not, and will not be, any untimely disclosure or surprise at
14  trial.

15  With that said, Respondent is not entitled to limit Ms. Bois's testimony under the guise that
16  there is a risk of harm pursuant to Rule 37. Where there was no failure to make disclosures, there
17  is no question of potential harm to Defendant. See Fed. R. Civ. Proc. 37(c)(1)(" If a party ***fails to***
18  ***provide information*** or identify a witness as required by Rule 26(a) or (e), the party is not allowed
19  to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ."
20  (emphasis added). Defendant has no basis to limit Ms. Bois testimony on relevant topics for which
21  she has personal knowledge, including her recent mitigation efforts.

## II.  CONCLUSION

23  For the reasons set forth herein, Plaintiff requests that the Court deny the Motion. While
24  Plaintiff agrees that both parties are prohibited from introducing "surprise" documents that should
25  have been exchanged in discovery, Defendant has no basis to exclude relevant testimony or
26  previously exchanged documents relating to Ms. Bois's mitigation efforts.

DATED: March 14, 2025               **BOIES SCHILLER FLEXNER LLP**

By:   */s/ Joshua I. Schiller*
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted pro hac vice)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
2029 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Counsel for Plaintiff Julia Bois