UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BOIS,<br>        Plaintiff,<br>    v.<br>LEVI STRAUSS & CO.,<br>        Defendant. | Case No. 23-cv-02772-TLT<br><br>**TENTATIVE ORDER REGARDING MOTIONS IN LIMINE**<br>Re: ECF 107, 108, 109, 111 |

Before the Court are Plaintiff Jula Bois's and Defendant Levi Strauss & Company ("LS&Co.")'s motions *in limine* ("Motion" or "Motions"). Defendant brings three Motions. ECF 107, 108, 109. Plaintiff brings one Motion. ECF 111.

As an initial matter, Plaintiff has repeatedly violated Court orders and missed deadlines leading up to the pretrial conference. ECF 115 (unilaterally filing individual pretrial statement in violation of Court orders); ECF 120 (filing joint pretrial statement six days after deadline); *id.* (failing to include exhibit list and objection and instead listing every document produced by each party); ECF 116 (failing to provide witness list to Defendant until March 1, 2025—one after the pretrial statement was due); ECF 122 (failing to meet own self-imposed objection deadline of March 7, 2025); ECF 125 (failing to provide exhibit list to Defendant until March 8, 2025—eight days after it was due to the Court and one day after Plaintiff's self-imposed deadline). These repeated failures come after the Court continued the pretrial conference three times upon request of the parties. ECF 96, 99, 101. Because of Plaintiff's repeated violations, the Court ordered deadlines for the parties to follow prior to the pretrial conference. ECF 122. The Court will make note of Plaintiff's repeated violations in the event of a motion for sanctions.

Unsurprisingly, the underlying dispute of at least two of the Motions pertains to Plaintiff's failure to act timely. *See* ECF 108, 109. After review and consideration of motion, briefings,

attachments and exhibits thereto, the Motions are **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court's rulings on each individual Motion are summarized at the end of this Order.

## I. BACKGROUND

### A. Procedural History

On June 5, 2023, Plaintiff filed a complaint alleging the following claims against Defendant: (1) violation of Title VII for discrimination on the basis of sex and pregnancy; (2) violation of Age Discrimination in Employment Act ("ADEA") for discrimination on the basis of age; (3) violation of California Fair Employment and Housing Act ("FEHA") for discrimination on the basis of sex, age, and pregnancy; (4) violation of the California Equal Pay Act ("EPA") for discrimination on the basis of sex; and (5) violation of California Labor code § 226(c). ECF 1, ¶¶ 62–84. On January 23, 2024, the parties filed motions for summary judgment. ECF 47, 49.

After the Court's order granting-in-part and denying-in-part the parties' motions for summary judgment, the scope of the litigation is as follows: (1) whether Defendant failed to promote Plaintiff to the Senior Director of U.S. Retail Marketing role in 2021 ("2021 promotion") because of her sex, (2) whether Defendant failed to Plaintiff to the Senior Director of Wholesale Marketing role in 2022 ("2022 promotion") because of her sex, and (3) whether Plaintiff was constructively discharged. ECF 94, at 25–26.

Plaintiff's pregnancy discrimination theory remains a relevant factor. *Id.* The Court's order does not eliminate the availability of punitive damages. *Id.*

Plaintiff's remaining claims are (1) violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12900, et seq., for the 2021 and 2022 promotions, (2) violation of Title VII, 42 U.S.C. § 2000e, et seq., for the 2022 promotion, and (3) constructive discharge. *Id.*

Prior to the pretrial conference, both parties filed motions *in limine*. Defendant brings three Motions. ECF 107, 108, 109. Plaintiff has filed an opposition to each Motion. ECF 126, 128, 129. Plaintiff brings one Motion. ECF 111. Defendant filed an opposition and an objection to the Motion. ECF 123, 124. The Court will hear oral argument regarding the Motions at the pretrial conference on March 27, 2025.

### B. Factual History

Bois is a woman and mother of two who worked for LS&Co. from 2012 to 2023. ECF 88, ¶¶ 1–2, 34. In 2012, Bois began her career with LS&Co. as an employee in the Marketing department, where she was recognized for her successes throughout her tenure. *Id.* ¶ 2. She was promoted to Senior Manager of Brand Marketing in 2014—the same year Bois had her first child—and to Director of U.S. Consumer Marketing in 2017. *Id.* ¶¶ 6–7, 34. Her supervisor, Stacy Doren, was influential in both promotions. *Id.*

As Bois moved up the corporate ranks, she received a nomination to the Viola Leadership Program, a program for "female talent." *Id.* ¶ 9. She received a "Korn Ferry 360" review, which indicated to Bois that she was ready for a promotion to Senior Director. *Id.* ¶¶ 6–7, 9, 29–30.

In 2019, Bois discussed a Senior Director position in Latin America with Doren. *Id.* ¶ 19. During the discussions, Bois alleges that Doren told her that she could not put a woman in Latin America, citing cultural challenges. *Id.* ¶¶ 19–22, 28. Curtis Hanlon, another LS&Co. employee, was promoted to the position. *Id.* ¶ 18. Bois accepted a "lateral" move into Hanlon's old position, Director of U.S. Retail Marketing at Doren's recommendation. *Id.* ¶¶ 24–25. Doren emphasized Bois' need for "channel marketing" experience, which her new position provided. *Id.* ¶ 25.

In 2020, LS&Co. rehired Lauren Uchrin, a former LS&Co. employee, for Bois' former position, the Director of U.S. Consumer Marketing. *Id.* ¶ 31. Uchrin is the same age as Bois and has two children. *Id.* ¶¶ 33, 35. Both children were born during Uchrin's initial tenure at LS&Co. *Id.* Uchrin and Bois shared a nanny. *Id.* ¶ 36.

In April 2021, Bois announced her second pregnancy. *Id.* ¶ 37. Roughly one month later, Uchrin received a promotion to Senior Director of U.S. Retail Marketing. *Id.* ¶ 38. Doren told Bois that her decision was based, in part, on her relative "work capacity." *Id.* ¶ 39. In August 2021, Bois gave birth to her second child. *Id.* ¶¶ 42–43.

Bois returned from maternity leave in December 2021 and in Spring 2022, the role of Senior Director of Wholesale Marketing became vacant. *Id.* ¶¶ 43–44. However, Breanna Brandon, another former LS&Co. employee, was rehired into the position. *Id.* ¶ 45. Bois also

learned that two employees in the e-commerce unit, Jessica Reed and Eric Smith, were each promoted to Senior Director positions in 2022. *Id.* ¶ 47.

By September 2022, Bois questioned why many of her colleagues had received Senior Director promotions and, despite her accolades, she had not. *Id.* ¶ 46. She approached Uchrin with her concern, and then, Karen Riley Grant, LS&Co.'s Chief Marketing Officer. *Id.* ¶¶ 46, 48. Karen Riley Grant told Bois that the Smith and Reed promotions were not supposed to have happened when they did. *Id.* ¶ 48.

In November 2022, Uchrin advised Bois that she would be submitting a promotion request for Tommy Hilton, another LS&Co. employee. *Id.* ¶ 49. In late January 2023, Uchrin notified Bois that Hilton's promotion had been approved and did not address the topic of Bois' promotion. *Id.* Bois submitted her resignation[1] on March 8, 2023, one month after receiving a "Great Year" performance review from Uchrin. *Id.* ¶¶ 48, 50–51.

## II.    LEGAL STANDARD

### A.    Motions *in limine*

Motions *in limine* are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions *in limine* are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984) (explaining that a court may rule in limine "pursuant to the district court's inherent authority to manage the course of trials"). However, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015).

---

[1] Plaintiff alleges that she was constructively discharge. ECF 1, ¶ 60. In deposition, Plaintiff notes that it was Plaintiff's attorney, Joshua Schiller, who suggested Plaintiff should resign. ECF 48, Bois Tr. at 45:13–46:7.

In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion *in limine*, "the evidence must be inadmissible on all potential grounds." *McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion *in limine* to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. *Id.* Moreover, even if a district court does rule in limine, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." *City of Pomona*, 866 F.3d at 1070; *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### B. Federal Rules of Evidence 401, 402, and 403

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible" unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or "other rules prescribed by the Supreme Court" provide otherwise. Fed. R. Evid. 402. Evidence is "relevant" if: (1) "it has any tendency to make a fact more or less probable than it would be without the evidence"; and (2) "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. DISCUSSION

### A. Defendant's Motion No. 1: The 2019 Senior Director, Latam Marketing Promotion Decision (ECF 107)

On summary judgment, the Court dismissed Plaintiff's claim alleging that she should have been promoted in 2019 to the role of Senior Director, LATAM Marketing ("2019 promotion"), finding the claim to be time-barred. ECF 94, at 25. Pursuant to Federal Rules of Evidence 402

1   and 403, Defendant moves to exclude evidence or testimony related to the 2019 promotion

2   decision because such evidence is irrelevant to the remaining claims, would unduly prejudice

3   LS&Co., risks confusing and misleading the jury, and unnecessarily wastes time. ECF 107, at 5.

4   Defendant argues that because the Court dismissed claims related to the 2019 promotion,

5   any evidence or argument relating to the decision does not have the "tendency to make the

6   existence of any fact [related to the 2021 or 2022 promotion decisions] more probable or less

7   probable." ECF 107, at 4 (citing Fed. R. Evid. 401).

8   Defendant further argues that permitting evidence related to the 2019 promotion will

9   confuse and mislead the jury. *Id.*; *see* Fed. R. Evid. 403. Defendant also contend that it would

10  unduly prejudice it because Plaintiff would be able to suggest that she was not promoted in 2019

11  for unlawful reasons without having to prove the requisite elements of a Title VII or FEHA claim.

12  *Id.* at 5.

13  Plaintiff opposes the motion. ECF 126. The Supreme Court has held that for Title VII

14  claims, employees may use "prior acts as background evidence in support of a timely claim."

15  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Lyons v. England*, 307 F.3d

16  1092, 1111 (9th Cir. 2002) (same); *Dominguez–Curry v. Nevada Transp. Dep't*, 424 F.3d 1027,

17  1031–32, 1038 (9th Cir. 2005) (finding discriminatory statements relevant to proving

18  discriminatory promotion decision five years later). Consistent with these holdings, this Court

19  held that "Plaintiff may use the evidence surrounding the time-barred claims in support of the

20  surviving claim as background evidence." ECF 94 at 7.

21  Plaintiff contends that the 2019 promotion remains relevant as background evidence as to

22  discriminatory motive. ECF 126, at 5. Plaintiff further argues that the 2019 promotion is relevant

23  to the claim of constructive discharge and damages for emotional distress. *Id.* Plaintiff asserts

24  that the 2019 promotion shows that Plaintiff had been chasing the Senior Director position since at

25  least 2019. *Id.*

26  Plaintiff also contends that any risk that the jury would be confused or misled by the 2019

27  promotion may be addressed through limiting jury instruction. ECF 126, at 5; *Douglass v. Nat'l

28  Fed'n of Indep. Bus.*, 67 F.3d 306 (9th Cir. 1995) (holding that the court erred in excluding prior

6

instances of discrimination). Plaintiff asserts that she will be unduly prejudiced if the 2019 promotion is excluded because she will not be able to rebut any evidence Defendant introduces that shows Doren helping Plaintiff in her career. *Id.* at 6.

The Court finds Plaintiff's arguments to be persuasive. The Court finds that evidence of the 2019 promotion is relevant as background evidence for the 2021 and 2022 promotions. Accordingly, the Court **DENIES** Defendant's Motion No. 1. The Court proffers the following limiting instruction:

> The testimony you are about to hear may be considered only for three limited purposes:
>
> 1. whether Levi Strauss's decision to not promote Ms. Bois in 2021 to the position of Senior Director of U.S. Retail Marketing, or in 2022 to the position of Senior Director of Wholesale Marketing was motivated due to Ms. Bois's [status as a woman, a pregnant woman, and a woman with young children][2];
>
> 2. whether Ms. Bois was constructively discharged; and
>
> 3. whether Ms. Bois suffered damages for emotional distress.
>
> The testimony may not be used for any other purpose.

*See* 9th Cir. Model Instruction 1.11; 9th Cir. Model Instruction 10.1 (Title VI); 2025 California Civil Jury Instructions ("CACI") No. 2500 (FEHA). The parties must meet and confer and proffer final limiting instruction at the pretrial conference on March 27, 2025. As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *United States v. McLennan*, 563 F.2d 943, 947–48 (9th Cir.1977).

### B. Defendant's Motion No. 2: Emotional Distress Beyond Therapist Notes and Deposition Testimony (ECF 108)

During discovery, Defendants requested that Plaintiff produce documents supporting her "allegations of emotional and/or physical suffering and harm, including . . . medical and/or psychological and/or counseling reports." ECF 108, at 2. In response Plaintiff produced eleven (11) pages of doctor's notes from seven therapy sessions. *Id.* Plaintiff has not supplemented her

---

[2] The inserted language is suggested by Plaintiff in proposed jury instruction No. 30. *See* ECF 112, at 39 (Civil Rights—FEHA— Disparate Treatment—Essential Elements). The language must also not conflict with Title VII requirements. The language will only be given if it is supported by the statutory language, current case law, and referenced model jury instructions.

7

1  production or identified or designated an expert to offer testimony to support a claim of severe

2  emotional distress. *Id.* On March 1, 2025, Plaintiff *for the first time* notified Defendant that she

3  seeks to introduce lay testimony from Plaintiff's psychologist, Dr. William Quick, M.D. in support

4  of Plaintiff's claims for mental distress. ECF 127, at 4–5 (emphasis added); *see* Fed. R. Evid.

5  701(c) (Lay witness testimony may "not [be] based on scientific, technical, or other specialized

6  knowledge.").

7  Defendant moves to exclude all argument and evidence relating or referring to any

8  emotional distress beyond what was included in Plaintiff's produced therapist notes and what she

9  testified to in deposition, and to exclude the introduction of any testimony from a lay witness

10  (including Plaintiff herself) regarding the causes of any particular symptoms or distress, including

11  but not limited to depression, anxiety, trauma, and/or other similar severe or ongoing mental

12  conditions. ECF 108, at 2. Plaintiff opposes exclusion. ECF 127. The Court will address each

13  argument in turn.

**1. Plaintiff may offer lay witness testimony about her emotional distress that is rationally based on her perception.**

16  Under Federal Rule of Evidence 701, a lay witness's testimony "is limited to one that is (a)

17  rationally based on the witness's perception; (b) helpful to clearly understanding the witness's

18  testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other

19  specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Defendant argues that

20  lay testimony regarding diagnosis, prognosis or clinical severity of one's state of emotional health,

21  derived solely from lay witnesses' own, untrained opinions or personal beliefs, is inadmissible.

22  ECF 108, at 3.

23  Plaintiff counters that a lay witness may offer testimony that is "rationally based on [her]

24  perception" including her feelings, mental state, and pain, and how her feelings and mental state

25  changed when she was denied promotion after promotion. ECF 127, at 3 (citing Fed. R. Evid.

26  701). The Ninth Circuit has held that while an expert medical opinion is required to establish that

27  discrimination cause mental distress for purposes of economic damages, a plaintiff may testify

28

8

1  about his mental distress for purposes of noneconomic damages. *Jan. v. Dr Pepper Snapple Grp.,*
2  *Inc.*, 594 F. App'x 907, 911 (9th Cir. 2014).
3        Plaintiff also contends that Plaintiff should be able to testify regarding her diagnosis and
4  treatment for depression and anxiety. Plaintiff cites to *Asberry v. Relevante*, No.
5  116CV01741JLTHBKPC, 2023 WL 2563243, at *5 (E.D. Cal. Mar. 17, 2023). In *Asberry*, the
6  court held that plaintiff could testify as to *his understanding* of any medical diagnosis he received
7  from a medical professional. *Asberry*, 2023 WL 2563243, at *5 (emphasis in original). Here,
8  Plaintiff threads a fine line between what the Rule 701 permits and what it does not.
9        The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's motion as to
10 Plaintiff's lay witness testimony regarding her emotional distress. Plaintiff may testify about her
11 emotional distress, limited to what is rationally based on her perception. She may not testify
12 regarding her diagnosis, prognosis, clinical severity or causation of the emotional distress.

### 2. The Court excludes evidence or argument regarding emotional distress that was not previously produced in discovery.

15       A party who fails to make a disclosure required under Rule 26(a) or (e) without
16 "substantial justification" cannot rely on withheld evidence on a motion or at trial. Fed. R. Civ. P.
17 37(c)(1). The party facing Rule 37 sanctions has the burden of proving its failure to comply with
18 Rule 26 was "substantially justified" or "harmless." *Yetti By Molly, LTD v. Deckers Outdoor*
19 *Corp.*, 259 F. 3d 1101, 1106 (9th Cir. 2001). Unless the nondisclosure is "harmless" or excused
20 by "substantial justification," preclusion of the undisclosed evidence is mandatory. *Id.* "Rule
21 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required
22 to be disclosed by Rule 26(a) that is not properly disclosed." *Id.* Here, the parties dispute whether
23 Dr. Quick may be introduced as a lay witness and whether Plaintiff may introduce evidence of
24 emotional distress beyond what was included in Plaintiff's produced therapist notes and what she
25 testified to in deposition.
26       Plaintiff seeks to introduce Dr. Quick, Plaintiff's psychologist, as a lay witness because
27 Plaintiff did not include Dr. Quick in expert discovery. ECF 127, at 5. Plaintiff argues that Dr.
28 Quick, should be able to testify as a lay witness as to his perceptions of Plaintiff's mental distress.

United States District Court
Northern District of California

1  *Id.* Plaintiff concedes that she has not designated Dr. Quick as an expert witness but intends to
2  call on Dr. Quick as a percipient witness. *Id.* Plaintiff contends that Defendant will be able to
3  cross-examine Dr. Quick and his qualifications on the stand. *Id.* Plaintiff further seeks to
4  introduce evidence beyond what was disclosed in discovery because Plaintiff would be prejudiced
5  by the exclusion. *Id.* at 6.

6  Defendant contends that Plaintiff should not be permitted to introduce Dr. Quick because
7  she introduced him as a lay witness for the first time on March 1, 2025—one day after the pretrial
8  conference was due. ECF 108, at 5; ECF 127, at 5 (Plaintiff conceding that she did not disclose
9  Dr. Quick as a witness until March 1, 2025). Defendant further contends that permitting any new
10 evidence that was not previously disclosed would constitute unfair surprise and would unduly
11 prejudice Defendant. ECF 108, at 5.

12 Plaintiff argues that *Yetti* is distinguishable because that there is no need for another
13 deposition of Plaintiff. ECF 127, at 6. Rather, the challenged evidence directly relates to a fully
14 covered deposition topic. *Id.* Plaintiff also argues that Defendant will not be prejudiced because
15 Defendant knew about Dr. Quick through their depositions of Plaintiff. *Id.*

16 The Court finds Plaintiff's arguments to be conclusory and unsupported by any authority.
17 Plaintiff fails to proffer any justification that meets the "substantially justified" or "harmless"
18 exceptions set forth in Rule 37(c)(1). Here, Plaintiff does not meet disclosure requirements for
19 evidence beyond the production of doctor's notes from seven therapy sessions and Plaintiff's
20 deposition testimony. Additionally, the Court finds that introducing Dr. Quick as a lay witness to
21 circumvent Plaintiff's failure to timely disclose and include in expert discovery would be
22 "misleading [to] the jury." Fed. R. Civ. P. 403.

23 The Court **GRANTS** Defendant's motion to exclude evidence or argument regarding
24 emotional distress that was not produced previously in discovery. The Court further excludes the
25 introduction of Dr. Quick as a lay witness to testify about Plaintiff's mental distress.

26     **C.**    **Defendant's Motion No. 3: Attempts by Plaintiff to Find New Employment**
27           **(ECF 109)**
28

  In discovery, Defendant specifically requested documents "relating or referring to any and all attempts by PLAINTIFF to obtain employment . . . subsequent to [her] employment with DEFENDANT, including but not limited to, any and all DOCUMENTS relating to resumes and/or other records off employment history; job applications and related documentation; negotiations regarding any aspect of employment; offers of employment; correspondence, notes, memoranda and documents to and/or from any prospective employer from which employment was sought regarding interviews, applications, offers of employment, [and] rejections of applications for employment . . ." ECF 109, at 2–3.

  In response, Plaintiff produced one April 2023 email chain. *Id.* Further, at her deposition, Plaintiff testified that her friend was "going to give [Plaintiff] [a job] offer, but she wanted to make sure that [Plaintiff] was ready to go back to work." *Id.* (citing Bois Tr. 252:13-15). Instead of taking the offer, Plaintiff decided that she "was going to at least take the summer [of 2023] off [and] spend it with [her] boys." *Id.* (citing Bois Tr. at 253:2-3). Plaintiff further testified that she had not interviewed for any jobs and had not tried to find any new employment. *Id.* (citing Bois Tr. at 254:2-5).

  On February 28, 2025, the day the joint pretrial statement was due, Plaintiff disclosed to Defendant a ten-page supplemental production of documents related to her recent mitigation efforts. ECF 109-1, Declaration of Cameron W. Fox ("Fox Decl."), ¶ 4; ECF 128, at 3–4. The production consists of a January 2025 text message conversation inquiring about a contact's connection to a hiring manager for a job Plaintiff saw on LinkedIn; LinkedIn messages with four recruiters dated August 2024 through January 2025; and an email with TopResume regarding updates to her resume dated September 2024. ECF 128, at 4.

  Defendant moves to exclude the introduction of any evidence, argument, or testimony regarding Plaintiff's efforts to mitigate her damages that was not already disclosed during discovery including the February 28, 2025 production. ECF 109, at 2. Plaintiff in opposition notes her surprise that Defendant considers her production on the due date of the joint pretrial statement as a delay. ECF 128, at 4.

"Under California law, a plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts." *Bank of Stockton v. Verizon Commc'ns, Inc.*, 375 F. App'x 746, 747 (9th Cir. 2010) (citing *Thrifty–Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 54 (Cal. Ct. App. 1996) (internal quotation omitted). Specifically, Title VII "requires the claimant to use reasonable diligence in finding other suitable employment." *Siam v. Potter*, No. C 04-0129 MHP, 2005 WL 8166268, at *17 (N.D. Cal. May 17, 2005) (quoting *Odima v. Westin Tuscan Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995). Employers carry the burden of proving that a plaintiff failed to mitigate his damages. *Id.* (citing *Sanger v. United Air Lines, Inc.*, 633 F.2d 864, 868 (9th Cir. 1980)).

A party who fails to make a disclosure required under Rule 26(e) without "substantial justification" cannot rely on withheld evidence on a motion or at trial. Fed. R. Civ. P. 37(c)(1). The party facing sanctions has the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless." *Yetti*, 259 F. 3d at 1106. Unless the nondisclosure is "harmless" or excused by "substantial justification," preclusion of the undisclosed evidence is mandatory. *Id.* "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Id.*

Here, Defendant argues that Plaintiff should not be permitted to offer evidence or argument related to her efforts to mitigate damages beyond what she produced in discovery. ECF 109, at 4. Defendant contends that Plaintiff had ample time to supplement her production but waited until the due date of the pretrial statement. *Id.* Plaintiff's untimely disclosure is neither substantially justified nor harmless. *Id.* (citing *Yetti*, 259 F. 3d at 1107). Defendant further contends that untimely disclosure of mitigation evidence would unduly prejudice it. *Id.* (citing Fed. R. Civ. P. 403). Thus, Defendant argues that sanction is proper under Rule 37(c)(1) for plaintiffs' failure to disclose damages calculations as required by Rule 26(a)(1)(A)(iii). *Id.* at 5.

Plaintiff concede that she does not intend to produce further documentary evidence at trial related to mitigation efforts. ECF 128, at 2. However, Plaintiff intends to testify to her recent efforts during trial beyond the four corners of her document production and she opposes exclusion of her February 28, 2025 production. *Id.*

Plaintiff argues that Rule 26 is not applicable because her February 28, 2025 production concerns her recent efforts to mitigate that had not occurred during discovery. *Id.* at 4. However, Rule 26(e) imposes a duty to *timely* supplement disclosures made under Rule 26(a) that become incomplete or incorrect. *Asetek Danmark A/S v. CoolIT Sys. Inc.*, No. 19-CV-00410-EMC, 2022 WL 21306657, at *5 (N.D. Cal. Oct. 4, 2022) (emphasis added); Fed. R. Civ. P. 26(e). Rule 37(c)(1) extends to Rule 26(e). *See* Rule 37(c)(1); *Yetti*, 259 F. 3d at 1106 n.1. Thus, Plaintiff's contention that Rule 26 does not apply is unpersuasive.

The Court finds that Plaintiff's February 28, 2025 supplement to her mitigation damages is untimely. Plaintiff waited until the day the pretrial statement was due to disclose to Defendants. Plaintiff violated her duty to timely supplement her disclosure. Plaintiff has the burden to establish that her delay was "substantially justified" or "harmless." *Yetti*, 259 F. 3d at 1106. Plaintiff provides no justification for her delay nor establishes that the evidence would be harmless.

Plaintiff also argue that Defendant cannot limit Plaintiff's testimony as to her mitigation of damages because there was not failure to disclose such efforts under Rule 26. ECF 128, at 5. Plaintiff does not cite to any authority to support her contention. *Id.* On the contrary, Rule 26(a)(1)(A)(iii) requires Plaintiff to disclose damage calculations and Rule 26(e)(1) requires Plaintiff to timely supplement her disclosure. Fed. R. Civ. P. 26 (a)(1)(A)(iii), (e)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (affirming district court's preclusion of undisclosed damages evidence).

The Court **GRANTS** Defendant's motion to exclude the introduction of any evidence, argument, or testimony regarding Plaintiff's efforts to mitigate her damages that was not already disclosed during discovery. This exclusion includes Plaintiff's untimely supplemental production of documents on February 28, 2025 and any testimony Plaintiff seeks to offer as to her mitigation of damages that was not disclosed during discovery.

D.    **Plaintiff's Motion No. 1: Health Conditions Predating Employment (ECF 111)**

Plaintiff moves to exclude the reference of introduction of any evidence at trial of Plaintiff's past medical conditions or diagnoses that predated her employment with Defendant.

13

1   ECF 111, at 3.  Plaintiff asserts that this evidence is irrelevant and more prejudicial than probative.

2   *Id.* at 4, 6.  Defendant opposes the motion, arguing that the Plaintiff's long-running issues with

3   anxiety and depression are relevant as to causation of Plaintiff's alleged emotional distress.  ECF

4   123, at 3.

5         In her complaint, Plaintiff alleges that "[s]he developed worsening symptoms of

6   depression and anxiety as well as low self-esteem and feelings of inadequacy, which—

7   eventually—resulted in an eating disorder severe enough that it caused her family alarm" and "[a]s

8   a result of the discrimination, [she] has suffered mental distress in the form of depression, anxiety,

9   fear, and lack of sleep."  ECF 1, ¶¶ 7, 59.  However, in deposition, Plaintiff testified that she

10  received treatment for anxiety and an eating disorder as a teenager and in college.  ECF 111, at 3;

11  ECF 123, at 3.

12        First, Plaintiff argues that her past mental health treatment should be excluded as irrelevant

13  because it does not "ha[ve] any tendency to make a fact more or less probable" and is not "of

14  consequence in determining" whether Defendant engaged in unlawful discrimination over twenty

15  years later.  ECF 111, at 4 (citing Fed. R. Evid. 401).  Plaintiff contends that her mental health

16  history is only relevant to credibility only if it occurs during the events at issue and that it has no

17  bearing on her ability to perceive and recall recent events.  *Id.* at 4–5.

18        Plaintiff urges the Court to consider *Montez v. Stericycle, Inc.*, No. 1:12-CV-0502-AWI-

19  BAM, 2013 WL 2150025 (E.D. Cal. May 16, 2013).  In *Montez*, plaintiff asserted several causes

20  of action for disability discrimination and retaliation, seeking compensation for lost past and

21  future earnings, as well as for the emotional anguish he suffered as a result of his unlawful

22  termination. *Montez*, 2013 WL 2150025, at *1.  Defendant filed a motion to compel plaintiff to

23  appear for an independent mental examination related to plaintiff's alleged emotional injuries.  *Id.*

24  at *2.  The court denied the motion, holding that "[p]laintiff ha[d] not placed his mental injury in

25  controversy as [p]laintiff's mental anguish claims are those garden-variety emotional distress

26  claims naturally flowing from an unlawful termination." *Id.* at *4.  Plaintiff argues, like *Montez*,

27  she is asserting garden-variety claim for emotional distress one would expect after years of

28  workplace mistreatment.  ECF 111, at 6.

14

Defendant argues that Plaintiff's relevance argument misses the mark. ECF 123, at 4–5. Defendant does not seek to use Plaintiff's mental health history to challenge her credibility or competency. *Id.* at 5. Rather, Defendant seeks to use her mental health history to put forth alternative causes to her alleged emotional distress. *Id.* Defendant contends that *Montez* is inapposite because causation of emotional distress was not at issue. *Id.* In contrast, here, the causation of Plaintiff's alleged emotional distress is at issue. *Id.* Defendant cites to two cases from this District. *Id.*

In *Enwere v. Terman Associates, L.P.*, the court dealt with a motion to compel independent mental examination where plaintiff asserted that she suffered mental and emotional distress as a result of defendant's racial discrimination in housing. *Enwere v. Terman Assocs., L.P.*, No. C 07-1239 JF PVT, 2008 WL 5146617, at *1–2 (N.D. Cal. Dec. 4, 2008). The Court granted the motion, finding that defendants "are entitled to discover what other causes exist for Plaintiff's emotional distress, regardless of whether any such other causes occurred before the events at issue in the lawsuit or afterwards." *Id.* at *4.

In *Baptiste v. Lids*, the court dealt with a discovery dispute, in which defendant sought to compel production of medical records to rebut plaintiff's allegations that any mental distress was caused by defendant's conduct. *Baptiste v. Lids*, No. C 12-05209 PJH (MEJ), 2013 WL 5708201, at *1 (N.D. Cal. Oct. 18, 2013). Plaintiff alleged that he has and continues to suffer severe emotional distress stemming from defendants' alleged conduct and sought to recover damages for emotional distress. *Id.* at *2. In light of these allegations, the Court granted the motion, finding that because plaintiff put his mental and emotional condition directly in issue, plaintiff had waived his psychotherapist-patient privilege. *Id.* at *2–3. Defendants were entitled to rebut Plaintiff's claims by presenting evidence that any alleged emotional distress arose from preexisting conditions and alternative causes. *Id.* at *2.

Like in *Enwere* and *Baptiste*, Defendant argues that Plaintiff has put her mental health at issue and Defendant is entitled to introduce evidence of alternative bases for alleged emotional injuries including preexisting conditions. Defendant's arguments are persuasive. The Court finds

15

that Plaintiff's past mental health treatment is relevant to whether Defendant's conduct caused Plaintiff's emotional distress. *See* Fed. R. Evid. 401.

Next, Plaintiff argues that her previous treatment for depression and an eating disorder is more prejudicial than probative. ECF 111, at 6 (citing Fed. R. Civ. 403). Plaintiff urges the Court to consider *Schagene v. Mabus*, 704 F. App'x 671 (9th Cir. 2017). In *Schagene*, plaintiff brought a hostile work environment claim against her former employer and sought to preclude evidence about her prior mental health history at trial. *Schagene*, 704 F. App'x at 672. The events in question occurred between 2004 and early 2011. *Id.* at 673. The district court denied plaintiff's motion *in limine* to preclude "any evidence" about her mental health state in 1997 to 1998. *Id.* The Ninth Circuit reversed, finding that plaintiff's mental state in 1997 to 1998 could not show that it was any more or less probable that plaintiff could accurately perceive and tell the truth during the timeframe of the events alleged. *Id.* Thus, the high risk of prejudice substantially outweighed the limited probative value. *Id.* Like in *Schagene*, Plaintiff contends that the high risk of prejudice substantially outweighs the probative value. ECF 111, at 7.

Plaintiff also relies on two articles from the *International Journal of Eating Disorders* to argue that the stigmatization of eating disorders and people with them provides a negative barrier to recovery and prevents those with eating disorders from seeking help. *Id.*; ECF 111-1, Exs. B and C. Defendant objects to these articles as inadmissible hearsay. ECF 124, at 2. Defendant argues that these are articles additionally do not qualify for the learned treatise exception to the hearsay rule. *Id.* Federal Rule of Evidence 803(18) provide an exception to the hearsay rule for "[a] statement contained in a treatise, periodical, or pamphlet if: (A) the statement is called to the attention of an expert witness on cross-examination or relied on by the expert on direct examination; and (B) the publication is established as a reliable authority by the expert's admission or testimony, by another expert's testimony, or by judicial notice." Fed. R. Evid. 803(18). The Court agrees with Defendant that the two articles are inadmissible hearsay that do not qualify for the learned treatise exception. Accordingly, the Court sustains Defendant's objection and **STRIKES** the two articles.

16

1  Defendant also argues that *Schagene* is distinguishable because unlike defendants in
2  *Schagene*, Defendants do not challenge Plaintiff's credibility, but rather, challenge causation of
3  her alleged emotional distress. ECF 124, at 6. Defendant further argues that any risk of prejudice
4  may be minimized with a limiting instruction. *Id.* at 6 n.2 (citing *Louden v. City of Whittier*, No.
5  CV 03-7816-GAF, 2005 WL 6000502, at *3 (C.D. Cal. Oct. 27, 2005)).

The Court agrees with Defendant. The Court **DENIES** Plaintiff's motion to exclude the reference of introduction of any evidence at trial of Plaintiff's past medical conditions or diagnoses that predated her employment with Defendant. Such evidence is relevant to whether Defendant's alleged conduct caused Plaintiff emotional distress. However, to counter any potential prejudice, the Court proffers the following limiting jury instruction:

> The testimony you are about to hear may be considered only for the following purpose:
> 1. whether Levi Strauss's decision to not promote Ms. Bois in 2021 to the position of Senior Director of U.S. Retail Marketing, or in 2022 to the position of Senior Director of Wholesale Marketing due to Ms. Bois's sex caused Ms. Bois to suffer damages for emotional distress.
>
> The testimony may not be used for any other purpose.

*See* 9th Cir. Model Instruction 1.11. The parties must meet and confer and proffer final limiting instruction at the pretrial conference on March 27, 2025. As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court. *McLennan*, 563 F.2d at 947–48.

**IV. CONCLUSION**

For the reasons stated above, the Court tentatively rules as follows:

1. Defendant's Motion No. 1 is **DENIED**. The Court proffers limiting jury instructions. Fed. R. Civ. P. 403; *see* 9th Cir. Model Instruction 1.11.

2. Defendant's Motion No. 2 is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiff's testimony as to her emotional distress is limited to what is rationally based on her perception. *See* Fed. R. Civ. P. 701. She may not testify regarding her diagnosis, prognosis, clinical severity, or causation of the emotional distress. *Id.* Plaintiff may not introduce evidence or argument regarding emotional distress

17

1  that was not produced previously in discovery. *See* Fed. R. Civ. P. 37(c)(1).
2  Plaintiff may not introduce Dr. Quick as a lay witness to testify about Plaintiff's
3  emotional distress. *Id.*; *see also* Fed. R. Civ. P. 403 ("misleading the jury").

4. 3. Defendant's Motion No. 3 is **GRANTED**. *See* Fed. R. Civ. P. 26 (a)(1)(A)(iii),
5. (e)(1); Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d
6. 1175, 1180 (9th Cir. 2008).
7. 4. Plaintiff's Motion No. 1 is **DENIED**. The Court proffers limiting jury instructions.
8. Fed. R. Civ. P. 403; *see* 9th Cir. Model Instruction 1.11.

9  The Court's rulings are tentative. The Court will hear oral argument regarding the Motions at the
10 pretrial conference on March 27, 2025. *See* ECF 122, at 2.

11 **IT IS SO ORDERED.**

12 Dated: March 20, 2025

13 _____
    TRINA L. THOMPSON
14  United States District Judge

18