

**Julia Bois,**

**v.**

**Levi Strauss & Co.**

No. 23-cv-02772

## Pretrial Conference

March 27, 2025

**The Court's order ignores the position Plaintiff was forced into by the LA fires and Defendant's repeated and improper attempts to limit the scope of the litigation.**

- The Court's tentative order states: "As an initial matter, Plaintiff has repeatedly violated Court orders and missed deadlines leading up to the pretrial conference." ECF No. 134 at 1.

- The Court's order overlooks two key facts:

   1. At Defendant's request, Plaintiff agreed to postpone the trial due to the LA fires. The Court then entered a schedule to accommodate Defendant's request. To the extent the trial has been delayed, it is Defendant, not Plaintiff, that requested the most recent extension. *See* ECF Nos. 100, 101.

   2. Defendant repeatedly asserted its wrong interpretation of the Court's summary judgment order, which in turn delayed submission of the joint pretrial statement and related materials. *See, e.g.*, ECF No. 115 at 3 ("[W]ith only hours to spare before the filing deadline, Defendant presented Plaintiff with extensive edits to the joint submission documents, mostly attempting to inject their incorrect view of this case into the materials as though it was the definitive view.").

**BSF**
BOIES SCHILLER FLEXNER

**It was not until March 11, when the Court entered the Order on the Scope of Litigation, that the parties obtained a resolution on several key issues in the case that directly affected trial preparation.**

- The Court did not enter its order resolving the parties' dispute over the scope of litigation until March 11, 2025. ECF No. 121.

- The Court resolved the following issues in Plaintiff's favor:

    1. Plaintiff's pregnancy discrimination theory remains a relevant and outstanding issue; and

    2. Plaintiff may seek punitive damages.

*Id.* at 1.

- The Court should therefore recognize the delay attributable to Defendant's improper attempts to limit the scope of litigation when considering Plaintiff's trial preparation. *See Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 2012 WL 5498014, at *3 (N.D. Cal. Nov. 13, 2012) (holding that a party has not met and conferred in good faith when it relies on unsustainable objections).

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #1: The Court correctly held that evidence of the 2019 promotion is relevant background evidence for Plaintiff's remaining claims.

- The Supreme Court has held that for Title VII claims, employees may use "prior acts as background evidence to support a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002).

- Ninth Circuit precedent also states that evidence of time-barred acts may be "offered for its probative value in assessing whether the employer's justifications for its present conduct lack credibility" and may also serve "as indirect proof of the employer's intent to discriminate." *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002).

- Evidence of the 2019 promotion is relevant to Plaintiff's remaining claims for: (1) the 2021 and 2022 promotion decisions; (2) constructive discharge; and (3) emotional distress.

# Def. MIL #1: There is no rule requiring exclusion of evidence relating to dismissed claims.

- Defendant seeks to exclude evidence of the 2019 position because:

    1. Evidence relating to dismissed claims is "irrelevant."

    2. Introduction of such evidence would confuse and mislead the jury.

- Those arguments fail for a number of reasons.

- For one, it conflicts with Supreme Court and Ninth Circuit precedent. ECF No. 126 at 4-5.

- Further, any concerns about jury confusion can be addressed through jury instructions. ECF No. 126 at 5.

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #1: Plaintiff would be unduly prejudiced if evidence of her supervisor's discriminatory comments, in particular, were excluded.

- Defendant will likely introduce evidence that Plaintiff's supervisor Stacy Doren had previously helped Plaintiff in her career. This goes to Defendant's anticipated defense that Ms. Doren did <u>not</u> harbor any discriminatory intent.

- If the Court were to exclude evidence of Ms. Doren's past discriminatory comments, it will give the jury an inaccurate and incomplete picture of Ms. Doren's intent.

- Plaintiff would therefore be unduly prejudiced if she is not allowed to fully respond to Defendant's anticipated defense.

# Def. MIL #2: Plaintiff never had an opportunity to respond to Defendant's argument to exclude Dr. Quick as a lay witness because Defendant did not file a MIL specific to his testimony.

- The Court's Civil Jury Pretrial and Trial Standing Order Rule 25 states: "Each motion shall be no longer than five pages and should address <u>a single, separate topic</u>" (emphasis added).

- Defendant never filed a MIL relating to Dr. Quick's lay witness testimony. Instead, Defendant filed a MIL seeking to limit Plaintiff's *own* testimony regarding her mental health conditions. *See* ECF No. 108.

- Defendant only raised the issue of Dr. Quick's testimony in response to Plaintiff's MIL to exclude evidence concerning her past mental health treatment. *See* ECF No. 123 at 2 (complaining, for the first time, that Plaintiff did not designate him as a witness under Rule 26).

# Def. MIL #2: Plaintiff should be allowed to address Defendant's arguments regarding Dr. Quick through today's oral argument.

- The Court's tentative order stated: "Plaintiff fails to proffer any justification that meets the 'substantially justified' or 'harmless' exceptions set forth in Rule 37(c)(1)." ECF No. 134 at 10.

- Plaintiff is prepared to offer its justification through oral argument, since the Court did not allow Plaintiff to file a reply brief.

BSF
BOIES SCHILLER FLEXNER

# Def. MIL #2: Plaintiff timely disclosed Dr. Quick as a trial witness.

- "A formal disclosure is unnecessary when the information has 'otherwise been made known to the other parties during the discovery process.'" *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 615, 618 (D. Nev. 2020) (quoting Fed. R. Civ. P. 26(e)(1)(A)).

- Specifically, if "the identity of a witness and subject areas of pertinent information are well-understood by the opposing party given developments in discovery," then "a formal disclosure is not required." *Id.* (collecting cases).

- "Courts are particularly disinclined to find a disclosure violation **when the party seeking sanctions itself previously exposed its own knowledge of the information** omitted from formal disclosures." *Id.* (emphasis added) (collecting cases).

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #2: Defendant was on notice during the discovery period of Dr. Quick's potential pertinence to the case as shown by opposing counsel's on-the-record statements.

> MS. FOX:    Because we're going to have --
> we'll have Dr. Quick testify at trial.

ECF No. 127-1 at 6 (excerpt from Julia Bois' deposition transcript).

BSF
BOIES SCHILLER FLEXNER

**Def. MIL #2: Defendant has suffered no prejudice because it chose not to depose Dr. Quick, and opposed Plaintiff's request to extend the fact discovery deadline.**

- Courts routinely hold that where the defendant has notice of a potential witness, the defendant cannot claim prejudice because it chose not to depose the witness or seek leave from the court to conduct additional discovery. *See, e.g., HB Dev., LLC v. W. Pac. Mut. Ins.*, 86 F.   Supp. 3d 1164, 1174 (E.D. Wash. 2015) (noting the defendant did not to pursue several avenues for relief); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 434 F. Supp. 2d 810, 813 (E.D. Cal. 2006) (noting the defendant opposed the plaintiff's request to re-open discovery).

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #2: In the alternative, any technical defect was "harmless."

- Federal Rule of Civil Procedure 37(c)(1) provides that sanctions are to be imposed for failure to identify a witness as required by Rule 26 "unless the failure is substantially justified or is harmless."

- In determining whether a delayed disclosure was "harmless," courts consider five factors: (1) surprise; (2) the ability to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence, and (5) the explanation for the failure to disclose the evidence earlier. *San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011).

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #2: The five-factor test weighs in favor of allowing Dr. Quick to testify.

1.   <u>No surprise</u>: Defendant's counsel stated that she would call Dr. Quick to testify at trial;

2.   <u>Ability to cure the surprise</u>: Even assuming Dr. Quick's testimony was a surprise (it is not), Plaintiff would make Dr. Quick available for a deposition before trial;

3.   <u>Extent to which allowing the evidence would disrupt the trial:</u> Dr. Quick is one additional witness that will testify on a limited topic (emotional distress) so no major disruption to the trial;

4.   <u>The importance of the evidence:</u> Because Defendant disputes causation for Plaintiff's emotional distress damages, Dr. Quick's testimony is needed to rebut its assertions; and

5.   <u>Explanation for the delayed disclosure:</u> Given counsel for Defendant's statements at Plaintiff's deposition, Plaintiff did not believe a supplemental disclosure was necessary.

## Def. MIL #2: In *Kasper Smoke* (unpublished), the Ninth Circuit held that a delayed disclosure was "harmless" when the challenged evidence was disclosed during the plaintiff's deposition.

- A party's delayed disclosure is "harmless" when the party discloses the challenged evidence during a deposition. *See Kasper Smoke Kastle, LLC v. Atl. Cas. Ins. Co.*, 861 F. App'x 122, 124 (9th Cir. 2021).

- In *Kasper Smoke* (unpublished), the Ninth Circuit affirmed the trial court's decision to deny the defendant's MIL, where the plaintiff testified as to the challenged evidence during its representative's deposition, and the defendant did not (1) ask for an extension of the discovery period, (2) serve any additional written discovery requests, or (3) further investigate the challenged evidence. *Id.*

- *See also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (stating that evidence preclusion was a "harsh" sanction).

# Def. MIL #2: Numerous district courts have also held that a delayed disclosure was "harmless" when a party was put on notice based on deposition testimony.

- Delayed disclosure of doctor's testimony was "harmless" where:

    [T]he *Defendant admitted during the Plaintiff's deposition that the Defendant received medical reports from Dr. Gerard's office* pursuant to a subpoena. Such evidence clearly shows that the Defendant (1) was aware that Dr. Gerard was a potential witness and (2) had the opportunity to depose her before the close of discovery. Accordingly, the Court finds that the Defendant will not be prejudiced by the delayed submission of Dr. Gerard's affidavit.

*Evans v. United States*, 978 F. Supp. 2d 148, 155 (E.D.N.Y. 2013) (emphasis added) (citations omitted).

**BSF**

BOIES SCHILLER FLEXNER

## Def. MIL #2: Numerous district courts have also held that a delayed disclosure was "harmless" when a party was put on notice based on deposition testimony.

- *See also Patton v. First Light Prop. Mgmt., Inc.*, 2016 WL 9503737, at *4 (S.D. Cal. Nov. 8, 2016) (holding that even though there was no justification for delayed disclosure, witness could testify at trial based on the "extensive discussion" of the witness during the plaintiff's deposition); *Van Maanen v. Youth With a Mission-Bishop*, 852 F. Supp. 2d 1232, 1237 (E.D. Cal. 2012) (admitting testimony from witness where "his identity, position, location, and the subject of the information he possessed were made known to Plaintiff through the Fairley and Cunningham Depositions"), *aff'd sub nom.* 542 F. App'x 581 (9th Cir. 2013).

BSF
BOIES SCHILLER FLEXNER

# Def. MIL #2: Plaintiff only ever intended to call Dr. Quick as a lay witness.

- The Court's tentative order states that "Plaintiff seeks to introduce Dr. Quick, Plaintiff's psychologist, as a lay witness because Plaintiff did not include Dr. Quick in expert discovery." ECF No. 134 at 9.

- To be clear, it was never Plaintiff's intent to call Dr. Quick to testify as an expert witness.

- Dr. Quick, as Plaintiff's treating therapist, is properly admitted as a lay witness because he has firsthand knowledge of Plaintiff's changing mental state over the course of her career at L&S Co. *See Garcia v. Mayorkas*, 2024 WL 1121935, at *7 (N.D. Ill. Mar. 8, 2024) (admitting therapist as lay witness in discrimination case).

BSF
BOIES SCHILLER FLEXNER

# Def. MIL #3: Plaintiff's attempts at new employment occurred *after* close of fact discovery, and were thus timely disclosed.

- The Court's tentative order states that Plaintiff violated her duty to disclose because "Plaintiff waited until the day the pretrial statement was due to disclose to Defendants." ECF No. 134 at 13.

- The Court's order ignores that the evidence at issue could not have been produced during fact discovery, because Plaintiff's attempts at new employment occurred *after* fact discovery:

  - November 2023 – Close of fact discovery
    ***10 months pass***
  - September 2024 – Email with TopResume
  - January 2025 - LinkedIn messages
  - January 2025 - Text message conversation
    ***2 months pass***
  - March 2025 - Supplemental Disclosure

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #3: The Court's reliance on *Yeti* and *Hoffman* is misplaced.

- The Court's reliance on *Yeti* and *Hoffman* are misplaced for two reasons:

1. Neither case involved a situation where there was a change in circumstances after the close of discovery:

   - In *Yeti*, the sanctioned party was under the "mistaken belief" that the other side's expert report would be supplemented.

   - In *Hoffman*, the sanctioned party claimed that the law on its obligation to disclose was "unsettled."

1. Nor did those cases address evidence regarding the *mitigation* of damages – the fact that Plaintiff has made attempts at new employment is a straightforward issue, and does not require either party to conduct a new *calculation* of damages.

**BSF**
BOIES SCHILLER FLEXNER

# Def. MIL #3: The Court's sanction, which unduly limits Plaintiff's testimony, is too severe and should be reconsidered.

- FRE 37(c)(1)(a) gives the Court discretion to order a sanction "appropriate" to the circumstances.

- If the Court is inclined to sanction Plaintiff by preventing her from supporting her claim with documents, the Court should still allow Plaintiff to testify as to her recent employment efforts.

- For example, if Defendant cross-examines Plaintiff on her efforts to secure new employment, then Plaintiff should be entitled to fully and honestly respond to Defendant's questions, to include her employment efforts in September 2024 and January 2025.

- To limit Plaintiff's testimony on this topic would allow Defendant to mislead the jury.

# Pl. MIL #1: The Court's decision to allow cross-examination into Plaintiff's ~20-year-old mental health treatment is in tension with its earlier ruling.

- The Court's tentative order sides with Defendant in finding that "Plaintiff has put her mental health at issue and Defendant is entitled to introduce evidence of alternative bases for alleged emotional injuries including preexisting conditions."

- However, this finding is in direct tension with Defendant's MIL #2, which is premised entirely on the argument that Plaintiff only seeks "garden variety" emotional distress—meaning that Plaintiff has _not_ put her mental health at issue.

**BSF**
BOIES SCHILLER FLEXNER

# Pl. MIL #1: Defendant repeatedly characterizes Plaintiff's claims as "garden variety" emotional distress in MIL #2.

- "During discovery, however, Bois produced evidence of nothing more than so-called 'garden variety; emotional distress."

- "Bois should be limited to offering evidence of garden variety emotional distress, i.e., the usual and customary emotional distress that may result from a workplace termination."

- "[I]f a specific mental or psychiatric injury or disorder warrants medical examination, then the reverse is true: it is not a garden variety emotional distress claim."

- "To the extent Bois seeks to testify to any condition or specific disorder that she allegedly experienced, or to the cause of any alleged symptoms or disorders, her testimony would go beyond the scope of a garden variety emotional distress claim . . . ."

**BSF**

BOIES SCHILLER FLEXNER

## Pl. MIL #1: Because Defendant admits that Plaintiff only seeks "garden variety" emotional distress damages, the Court's reliance on *Enwere* and *Baptiste* are misplaced.

- *Enwere* and *Baptiste* are both cases that went beyond a "garden variety" claim for emotional distress damages, *see*:

    - *Enwere v. Terman Assocs., L.P.*, 2008 WL 5146617, at *3 (N.D. Cal. Dec. 4, 2008) (not garden-variety where the plaintiff alleged "serious on-going mental and emotional distress"); and

    - *Baptiste v. Lids*, 2013 WL 5708201, at *2 (N.D. Cal. Oct. 18, 2013) (holding that the plaintiff "has done more than simply allege 'garden variety' emotional distress" based, in part, on his introduction of expert witness testimony).

**BSF**
BOIES SCHILLER FLEXNER

# Pl. MIL #1: The case law overwhelmingly states that decades-old mental health evidence is not relevant, i.e., does not go towards causation.

- The Court's tentative ruling ignores *Schagene v. Mabus*, 704 F. App'x 671 (9th Cir. 2017), which held it was *reversible error* to permit testimony into decades-old mental health events based, in part, on the fact the testimony did not "speak to the loss of custody as a **present-day** stressor" (emphasis added).

- Defendant's own case law shows that in order for mental health evidence to be relevant for causation, the challenged evidence must be near in time to the defendant's alleged misconduct. *See Doe v. City of Chula Vista*, 196 F.R.D. 562, 570 (S.D. Cal. 1999) (allowing discovery into the plaintiff's mental health starting from 1994, but the plaintiff had worked for her employer since 1988).

**BSF**
BOIES SCHILLER FLEXNER

**Pl.'s MIL #1: Turning to prejudice, the Court can take "judicial notice" of the fact that women diagnosed with an eating disorder are highly stigmatized.**

- Defendant does not dispute that eating disorders are highly stigmatized. It is well-known and well-documented that women diagnosed with an eating disorder are "frequently regarded as personally responsible and blameworthy for their condition." See ECF No. 111-1 at 8; see also id. at 30.

- Pursuant to FRE 201(b)(2), the Court may take judicial notice of an "adjudicative fact" that is "not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

- "Well-known medical facts are the types of matters of which judicial notice may be taken." *Barnes v. Indep. Auto. Dealers Ass'n of California Health & Welfare Benefit Plan*, 64 F.3d 1389, 1395 n.2 (9th Cir. 1995) (quoting *Hines on Behalf of Sevier v. Sec'y of Dep't of Health & Hum. Servs.*, 940 F.2d 1518, 1526 (Fed. Cir. 1991)).

# Pl.'s MIL #1: The Ninth Circuit routinely takes judicial notice of medical facts from medical references and journals.

- For example, the Ninth Circuit has taken judicial notice of:

    - Medical facts pertaining to drug side effects from the *Physician's Desk Reference, United States v. Howard*, 381 F.3d 873, 880 n.7 (9th Cir. 2004); and

    - Medical facts pertaining to diabetes from *Diabetes in America*, *Lolli v. Cnty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).

BSF
BOIES SCHILLER FLEXNER

**Pl. MIL #1: The Court can therefore take judicial notice of Plaintiff's evidence because both articles were selected for publication in peer-reviewed medical journal.**

- Therefore, the Court can take judicial notice of the fact that eating disorders are highly stigmatized when deciding whether to exclude reference to Plaintiff's decades-old diagnosis. *See Davis v. Sutley*, 2009 WL 773261, at *5 (C.D. Cal. Mar. 20, 2009) (taking judicial notice of facts from *The American Medical Association, Family Medical Guide* in support of the plaintiff's claim that a dental abscess can cause pain, and that antibiotics may be prescribed to treat such a condition), *aff'd*, 412 F. App'x 936 (9th Cir. 2011).

**BSF**
BOIES SCHILLER FLEXNER