UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BOIS,<br><br>        Plaintiff,<br><br>    v.<br><br>LEVI STRAUSS & CO.,<br><br>        Defendant. | Case No. 23-cv-02772-TLT<br><br>**PROPOSED VERDICT FORM**<br><br>Re: ECF 143, 157, 164 |

On April 1, 2025, the parties provided proposed verdict form with several disputed verdict questions. ECF 143. After the Court provided a proposed verdict form, the parties again provided proposed verdict forms. ECF 157 (Plaintiff's proposed verdict form), 164 (Defendant's proposed verdict form).

In the latest proposed verdict forms, the parties dispute the placement of Questions No. 5 and 10 in the Liability phase. Defendant asserts that that Questions No. 5 and 10 must be in the Damages phase. However, the Court finds that these Questions must be in the Liability phase as consistent with model California Civil Jury Instructions ("CACI") No. 2500.

The Court has reviewed the parties' proposals and issues the attached proposed verdict form.

**IT IS SO ORDERED.**

Dated: April 29, 2025

TRINA L. THOMPSON
United States District Judge

# LIABILITY PHASE

I. DISPARATE TREATMENT

    A. DISPARATE TREATMENT UNDER FEHA (INTENTIONAL DISCRIMINATION) – PROMOTION: SENIOR DIRECTOR OF CONSUMER AND RETAIL MARKETING (2021)

<u>Question No. 1.</u> Was Levi Strauss an employer?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 6.*

<u>Question No. 2.</u> Was Julia Bois an employee of Levi Strauss?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 6.*

<u>Question No. 3.</u> Did Levi Strauss decide not to promote Julia Bois to the Senior Director of Consumer and Retail Marketing position in 2021?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 6.*

<u>Question No. 4.</u> Was Julia Bois's sex (including her 2021 pregnancy) a substantial motivating reason for Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 6.*

Question No. 5. Was Levi Strauss's decision not to promote Julia Bois to the Senior Director of Consumer and Retail Marketing position in 2021 a substantial factor in causing harm to Julia Bois?

Yes \_\_\_\_ No \_\_\_\_

*Please go to the next question.*

**B.   DISPARATE TREATMENT UNDER FEHA (INTENTIONAL DISCRIMINATION) – PROMOTION: SENIOR DIRECTOR OF WHOLESALE MARKETING (2022)**

Question No. 6. Was Levi Strauss an employer?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 11.*

Question No. 7. Was Julia Bois an employee of Levi Strauss?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 11.*

Question No. 8. Did Levi Strauss decide not to promote Julia Bois to the Senior Director of Wholesale Marketing position in 2022?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 11.*

Question No. 9. Was Julia Bois's sex (including her 2021 pregnancy) a substantial motivating reason for Levi Strauss's decision?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 11.*

Question No. 10. Was Levi Strauss's decision not to promote Julia Bois to the Senior Director of Wholesale Marketing position in 2022 a substantial factor in causing harm to Julia Bois?

Yes \_\_\_\_ No \_\_\_\_

*Please go to the next question.*

### C. DISPARATE TREATMENT UNDER TITLE VII (INTENTIONAL DISCRIMINATION) – PROMOTION: SENIOR DIRECTOR OF WHOLESALE MARKETING (2022)

Question No. 11. Did Julia Bois prove by a preponderance of the evidence that she was qualified for a promotion to the Senior Director of Wholesale Marketing position in 2022?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, you have completed the verdict form and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 12. Did Julia Bois prove by a preponderance of the evidence that Levi Strauss decided not to promote her to the Senior Director of Wholesale Marketing position in 2022 because of her sex (including her 2021 pregnancy)?

Yes \_\_\_\_\_ No _____

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, you have completed the verdict form and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 13. Did Julia Bois prove by a preponderance of the evidence that a male employee, or a non-pregnant, employee who was similarly situated to Julia Bois received the Senior Director of Wholesale Marketing position in 2022 instead of Julia Bois?

Yes _____ No _____

*You have completed the verdict form and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

DATED: _____          _____
                                                                    Presiding Juror

*Please return all verdict forms to the clerk.*

# **DAMAGES PHASE**[1]

---

[1] The questions included in the Damages Phase verdict form will depend on which claims the jury finds Defendant liable for in the Liability Phase.

6

## II. COMPENSATORY DAMAGES

### A. DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION: SENIOR DIRECTOR OF CONSUMER AND RETAIL MARKETING (2021)

<u>Question No. 1.</u> Did Julia Bois prove by a preponderance of the evidence that her working conditions became so intolerable as a result of Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021 that a reasonable person in her position would feel compelled to resign when she did?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 5.*

<u>Question No. 2.</u> What is the amount of damages that Julia Bois proved by a preponderance of the evidence that she sustained as a result of her resignation in March 2023?

Economic Damages $_____

*If your answer is greater than $0, please go to and answer the next question.*

*If your answer is $0, please go to and answer Question No. 5.*

<u>Question No. 3.</u> Did Julia Bois fail to use reasonable efforts to mitigate her damages after her separation from Levi Strauss?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is no, please go to and answer the next question.*

*If your answer is yes, please go to and answer Question No. 5.*

<u>Question No. 4.</u> What is the dollar amount, if any, by which the amount of Julia Bois's damages should be reduced for failure to mitigate her damages?

Amount $_____

7

*Please go to the next question.*

Question No. 6. Did Julia Bois prove by a preponderance of the evidence that she suffered damages, apart from her resignation, as a result of Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing in 2021?

Yes \_\_\_\_  No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 12.*

Question No. 7. What is the amount of economic damages that Julia Bois proved by a preponderance of the evidence that she sustained, apart from her resignation, as a result of Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing in 2021?

Economic Damages $_____

*Please go to the next question.*

Question No. 8. Did Julia Bois suffer emotional distress as a result of Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021?

Yes \_\_\_\_  No \_\_\_\_

*If your answer is yes, please go to the next question.*

*If your answer is no, then go to and answer Question No. 12.*

Question No. 9. Was Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021 a substantial factor in causing Julia Bois's emotional distress?

Yes \_\_\_\_  No \_\_\_\_

*If your answer is yes, please go to the next question.*

*If your answer is no, then go to and answer Question No. 12.*

Question No. 10. What amount of damages, if any, do you award Julia Bois for her past noneconomic loss, including mental suffering/emotional distress, due to Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021?

Past Emotional Distress $_____

*Please go to the next question.*

Question No. 11. What amount of damages, if any, do you award Julia Bois for her future noneconomic loss, including mental suffering/emotional distress due to Levi Strauss's decision not to promote her to the Senior Director of Consumer and Retail Marketing position in 2021?

Future Emotional Distress $_____

*Please go to the next question.*

**B.     DISPARATE TREATMENT (INTENTIONAL DISCRIMINATION) – PROMOTION: SENIOR DIRECTOR OF WHOLESALE MARKETING (2022)**

Question No. 12. Did Julia Bois prove by a preponderance of the evidence that her working conditions became so intolerable as a result of Levi Strauss's decision not to promote her to the Senior Director of Wholesale Marketing position in 2022 that a reasonable person in her position would feel compelled to resign when she did?

Yes ____ No ____

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 16.*

Question No. 13. What is the amount of economic damages, if any, that Julia Bois proved by a preponderance of the evidence that she sustained as a result of her resignation in March 2023?

Economic Damages $_____

*If your answer is greater than $0, please go to and answer the next question.*

9

*If your answer is $0, please go to and answer Question No. 16.*

Question No. 14. Did Julia Bois fail to use reasonable efforts to mitigate her damages after her resignation from Levi Strauss?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 16.*

Question No. 15. What is the dollar amount, if any, by which the amount of Julia Bois's damages should be reduced for failure to mitigate her damages?

Amount $_____

*Please go to the next question.*

Question No. 16. Did Julia Bois prove by a preponderance of the evidence that she suffered damages, apart from her resignation, as a result of Levi Strauss's decision not to promote her to the Senior Director of Wholesale Marketing in 2022?

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 22.*

Question No. 17. What is the amount of economic damages, if any, that Julia Bois proved by a preponderance of the evidence that she sustained, apart from her resignation as a result of Levi Strauss's decision not to promote her to the Senior Director of Wholesale Marketing in 2022?

Economic Damages $_____

*Please go to the next question.*

Question No. 18. Did Julia Bois suffer emotional distress as a result of Levi Strauss's decision not to promote her to the Senior Director of Wholesale Marketing position in 2022?

10

Yes _____ No _____

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 22.*

Question No. 19. Was Levi Strauss's decision not to promote Ms. Bois to the Senior Director of Wholesale Marketing position in 2022 a substantial factor in causing Julia Bois's emotional distress?

Yes _____ No _____

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 22.*

Question No. 20. What amount of damages, if any, do you award Julia Bois for her past noneconomic loss, including mental suffering/emotional distress due to Levi Strauss's decision not to promote Ms. Bois to the Senior Director of Wholesale Marketing position in 2022?

Past Emotional Distress $_____

*Please go to the next question.*

Question No. 21. What amount of damages, if any, do you award Julia Bois for her future noneconomic loss, including mental suffering/emotional distress, due to Levi Strauss's decision not to promote Ms. Bois to the Senior Director of Wholesale Marketing position in 2022?

Future Emotional Distress $_____

*Please go to the next question.*

**III.   PUNITIVE DAMAGES**

    **A.   PUNITIVE DAMAGES UNDER FEHA**

Question No. 22. Did you enter a dollar amount greater than $0 for any one or more of the following questions?:

- Question 2

- Question 6
- Question 9
- Question 10

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, please go to and answer Question No. 24.*

Question No. 23. Did Ms. Bois prove by clear and convincing evidence that Levi Strauss's decision not to promote her to (a) the position of Senior Director of Consumer and Retail Marketing in 2021, or (b) the position of Senior Director of Wholesale Marketing in 2022, was committed by an officer, director, or managing agent of Levi Strauss who acted with malice, oppression, or fraud?

Yes \_\_\_\_ No \_\_\_\_

*Please go to and answer the next question.*

### B.    PUNITIVE DAMAGES UNDER TITLE VII

Question No. 24. Did you enter a dollar amount greater than $0 for either of the following questions?:

- Question 13
- Question 17
- Question 20
- Question 21

Yes \_\_\_\_ No \_\_\_\_

*If your answer is yes, please go to and answer the next question.*

*If your answer is no, you have completed the verdict form and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

Question No. 25. Did Ms. Bois prove by a preponderance of the evidence that Levi Strauss's decision not to promote Ms. Bois to the position of Senior Director of Wholesale Marketing in

2022 was malicious, oppressive or in reckless disregard of Ms. Bois's rights?

Yes \_\_\_\_ No \_\_\_\_

*You have completed the verdict form and should now have the foreperson sign and date this form, then follow the instructions after the signature block.*

DATED: _____            _____
                                                                           Presiding Juror

*Please return all verdict forms to the clerk.*