**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Gina A. Rossman (Admitted *pro hac vice*)
grossman@bsfllp.com
1401 New York Ave, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Plaintiff Julia Bois*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA BOIS,<br><br>      Plaintiff,<br>v.<br><br>LEVI STRAUSS & CO.,<br><br>      Defendant. | Case No. 3:23-cv-02772-TLT-AGT<br><br>**PLAINTIFF JULIA BOIS'S ADMINISTRATIVE MOTION FOR AN ORDER TO INCLUDE THE PARTIES' OPENING AND CLOSING DEMONSTRATIVES AMONG EXHIBITS NOT ADMITTED**<br><br>Courtroom: 9<br>Judge:     Trina L. Thompson<br><br>Complaint Filed: June 5, 2023<br>Trial Date:      April 28, 2025 |

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11, Plaintiff Julia Bois respectfully submits this administrative motion, requesting that the Court order that both parties' opening and closing demonstratives (i.e., their respective presentation slide decks) be included in the "Exhibits Not Admitted" that the parties must file pursuant to Local Rule 5-1(g)(1)(B).

Plaintiff's position, as discussed below, is two-fold: First, the parties' closing demonstratives contain versions of Exhibit 90, an exhibit which was offered into evidence but not admitted, and is therefore properly a part of the Local Rule 5-1(g)(1)(B) filing. Second, Plaintiff's counsel offered to provide the parties' opening demonstratives to the jury, which the Court did not permit. Finally, including the parties' opening and closing demonstratives in the Local Rule 5-1(g)(1)(B) filing provides a fulsome view of what the jury did or did not see during the trial. The parties' respective slide presentations are attached as Exhibits A through D to the accompanying Declaration of Melissa K. Zonne ("Zonne Decl.").[1]

After initially agreeing to include Plaintiff's slide decks, then opposing including *any* demonstratives, Defendant Levi Strauss & Co. has now taken the position in the parties' meet and confer correspondence that it opposes the inclusion of Defendant's opening and closing slide decks because it does not believe Local Rule 5-1 authorizes the inclusion of the parties' opening and closing slide decks. Consequently, Plaintiff seeks clarity on this issue through this motion and will work with Defendant to submit a Local Rule 5-1(g)(1)(B) Joint Certification that conforms with this Court's order.

## II. BACKGROUND

Pursuant to Local Rule 5-1(g)(1), the parties are directed to file on the docket both "Admitted Exhibits" and "Exhibits Not Admitted," each of which must be accompanied by a Joint

---

[1] While Plaintiff is in possession of the as-presented versions of the parties' opening slides and Plaintiff's own closing slides, Defendant has refused to share the final, as-presented version of their closing presentation. As a result, Exhibit D to the Zonne Decl. includes all three of the files that Defendant provided to Plaintiff the night before closing arguments and from which, according to Defendant, they assembled their final presentation; it therefore represents an over-inclusive set of slides.

1  Certification of Counsel.  Despite extensive efforts by the parties to meet and confer, counsel could
2  not come to an agreement as to whether the "Exhibits Not Admitted" submission under Local Rule
3  5-1(g)(1)(B) ("Exhibits Not Admitted Submission") should include the parties' opening and closing
4  demonstratives.  Plaintiff contends that they must be included in the "Exhibits Not Admitted"
5  portion of the Joint Certification; Defendant is adamant that they should not.

6  On May 15, 2025, after Plaintiff initially proposed including the parties' closing
7  demonstratives, Defendant's counsel requested Plaintiff's "final slide deck that was used during
8  Plaintiff's Closing so we can upload it to ECF." (Zonne Decl., ¶ 6, Ex. E.)  Later that day, however,
9  Defendant's counsel for the first time opposed including the parties' closing demonstratives, which
10 led to a lengthy back-and-forth via email and expanded the discussion to include not just the parties'
11 closing slides, but also their opening slides.  (*Id.*, ¶ 7.)  Ultimately, Defendant's counsel noted that
12 given that Defendant "never offered or intended to offer [either the opening or closing slides] as
13 exhibits," they continued to oppose the demonstratives' inclusion in the Exhibits Not Admitted
14 Submission because "[t]o assert otherwise would be a misstatement to the Court." (*Id.*, Ex. E.)
15 Most recently, as of May 21, 2025, Defendant has agreed to include only Plaintiff's opening and
16 closing demonstratives, along with a footnote from Plaintiff asserting the basis for including the
17 demonstratives and responsive objections from Defendant. (*Id.*)

18 Because Plaintiff continues to believe that *both* parties' opening and closing demonstratives
19 should be included, and because Plaintiff wishes to allay any concern from Defendant about making
20 a "misstatement to the Court," no stipulation has been negotiated and Plaintiff now brings this
21 administrative motion to clarify the contents of the Exhibits Not Admitted Submission.

22 **III.     ARGUMENT**

23 Plaintiff contends that both Plaintiff's and Defendant's opening and closing slide decks
24 should be included in the Exhibits Not Admitted Submission.  There are three reasons for this:

25 ***A. The Parties' Closing Demonstratives Contain Demonstrative Versions of Exhibit 90***

26 The parties agree that Exhibit 90—which was offered into evidence but ultimately not
27 admitted—is properly included in the Exhibits Not Admitted Submission per Local Rule 5-
28 1(g)(1)(B).  As the Court will recall, though Exhibit 90 was not admitted into evidence, the Court

1  nonetheless permitted it to be used as a demonstrative "for purposes of closing argument" in a
2  "redacted form of those portions [the parties] feel may be published to the jury." (Zonne Decl., ¶
3  8, Ex. G (Trial Tr.) at 725:2-11.) That "redacted form" appears—in whole or in part—in the parties'
4  respective closing slides. Additionally, when Plaintiff's counsel interviewed the jurors after the
5  verdict was delivered, each of the four available jurors (out of the total 6) indicated that their
6  decision was influenced by hearing about and/or seeing Exhibit 90 (in its demonstrative form, given
7  that it was not in evidence).[2] (*Id.*, ¶ 9.)

8  As a result, the parties' respective closing slides should be included in the Exhibits Not
9  Admitted Submission to properly capture the fact that while Exhibit 90 was not admitted into
10 evidence, some portion of that exhibit was nonetheless shown to the jury. To the extent Local Rule
11 5-1(g)(1) is intended to capture how evidence was or was not presented to the jury, this is an
12 imminently reasonable inclusion.

13 **B. Plaintiff's Opening Demonstratives Was Offered For Presentation to the Jury**

14 On April 28, 2025—*i.e.*, day one of the trial—the Court stated it would not be "appropriate"
15 to provide Plaintiff's opening slide deck to the jurors. (Zonne Decl., ¶ 7, Ex. F (Trial Tr.) at 53:16-
16 54:3.)[3] The Court then reiterated its ruling that "demonstratives" like the slide deck "will not go to
17 the jury." (*Id.*, Ex. F at 68:17-19.)[4] Thus, Plaintiff's opening demonstrative *was* offered into

---

[2] The jury's incredibly short deliberation time also shows that Exhibit 90 (or what the jury was permitted to see of it) played a decisive role in the outcome of the trial.

[3]      MR. SHILLER: Good morning. There are going to be some slides that my colleagues are going to run here. They don't track what I'm saying word for word in any way, but they demonstrate some points that support our case, and so feel free to look at them and to -- we may be asked by the Court to provide them to you when you deliberate.
     But I'm going to introduce you to the case and the story of my client, Julia Bois's, time at Levi Strauss.
     THE COURT: All right. Counsel, did you say you're asking the Court to provide that to the jurors? That's not appropriate.
     MR. SCHILLER: I said you might.
     THE COURT: That's not appropriate.

[4]      THE COURT: . . . Counsel, please keep in mind, much like your demonstratives, they would be made -- they will not go to the jury.

-4-
PLAINTIFF JULIA BOIS'S ADMINISTRATIVE MOTION RE OPENING AND CLOSING DEMONSTRATIVES
Case No. 3:23-cv-02772-TLT-AGT

evidence and not admitted. For the sake of completeness, Defendant's opening slide deck should also be included.

### C. The Parties' Opening and Closing Demonstratives Should Be Included For Completeness

As noted above, to the extent the purpose of Rule 5-1(g)(1) is to capture what material was and was not presented to the jury for consideration, it makes imminent sense for both parties' opening and closing demonstratives to be included in the Exhibits Not Admitted Submission.

### IV. CONCLUSION

For the reasons articulated above, Plaintiff respectfully requests that the Court issue an order clarifying that the parties' opening and closing slide decks should be included in the "Exhibits Not Admitted" submission required by Local Rule 5-1(g)(1)(B).

Dated: May 22, 2025

Respectfully submitted,

By: */s/ Joshua I. Schiller*
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th FL
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Gina A. Rossman (Admitted *pro hac vice*)
grossman@bsfllp.com
1401 New York Ave, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Plaintiff Julia Bois*