**BOIES SCHILLER FLEXNER LLP**
Joshua I. Schiller (SBN 330653)
jischiller@bsfllp.com
Melissa Zonne (SBN 301581)
mzonne@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Benjamin Margulis (Admitted *pro hac vice*)
bmargulis@bsfllp.com
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Gina A. Rossman (Admitted *pro hac vice*)
grossman@bsfllp.com
1401 New York Ave, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

*Counsel for Plaintiff Julia Bois*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JULIA BOIS,<br><br>        Plaintiff,<br>    v.<br><br>LEVI STRAUSS & CO.,<br><br>        Defendant. | Case No. 3:23-cv-02772-TLT-AGT<br><br>**DECLARATION OF MELISSA K. ZONNE IN SUPOPRT OF PLAINTIFF'S ADMINSTRATIVE MOTION**<br><br>Courtroom:   9<br>Judge:            Trina L. Thompson<br><br>Complaint Filed: June 5, 2023<br>Trial Date:           April 28, 2025 |

**DECLARATION OF MELISSA K. ZONNE**

I, Melissa K. Zonne, declare as follows:

1. I am an attorney at Boies Schiller Flexner LLP, counsel to Plaintiff Julia Bois ("Plaintiff"). I make this declaration in support of Plaintiff's Administrative Motion for an Order to Include the Parties' Opening and Closing Demonstratives Among Exhibits Not Admitted. I have knowledge of the facts stated herein from my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's opening slide deck presented to the jury on April 28, 2025 during the trial in this matter.

3. Attached hereto as **Exhibit B** is a true and correct copy of Defendant's opening slide deck presented to the jury on April 28, 2025 during the trial in this matter, converted from a PowerPoint file to an Adobe PDF file.

4. Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's closing slide deck presented to the jury on May 5, 2025 during the trial in this matter.

5. Attached hereto as **Exhibit D** are true and correct copies of all of the potential closing argument slides that Defendant provided to Plaintiff on April 4, 2025; Defendant used a subset of these slides to create its final closing argument presentation to the jury on May 5, 2025. This subset included the slide on page 53 of this Exhibit D. Despite several requests from Boies Schiller, Defendant's counsel has refused to provide the final closing slide deck shown to the jury.

6. On May 15, 2025, while counsel for the parties were working together to complete the Joint Certification of Counsel pursuant to Local Rule 5-1, Plaintiff proposed including the parties' closing demonstratives. Defendant's counsel was seemingly in agreement with this proposal and requested Plaintiff's "final slide deck that was used during Plaintiff's Closing so we can upload it to ECF." (*See* Ex. E, p. 15.) Defendant subsequently agreed to include Plaintiff's opening and closing demonstratives on the Joint Certification, but subject to objections in a footnote. Defendant did not agree to include its own opening and closing demonstratives. (*See* Ex. E, p. 1.) A true and correct copy of this correspondence is attached hereto as **Exhibit E,** with added highlighting to better direct the Court to the relevant passages.

7. However, later that day, Defendant's counsel informed Plaintiff's counsel for the first time that it now opposed the inclusion of the parties' closing demonstratives. Counsel for the parties then had lengthy back-and-forth discussions on the matter, and the issue was expanded to include the parties' opening slide decks as well. Defendant's counsel ultimately took the position that none of the slide decks should be included because they were not offered (nor did Defendant intend to offer them) into evidence and thus their inclusion would be a "misstatement to the Court." (*See* Ex. E, p. 1.) Plaintiff disagrees with this position because on the first day of trial on April 28, 2025, the Court stated it would not be "appropriate" to provide Plaintiff's opening slide deck to the jurors and later explained that the slides "will not go to the jury." A true and correct copy of those portions of the trial transcript (pp. 53-54 & 68) is attached hereto as **Exhibit F**, with added highlighting to better direct the Court to the relevant passages.

8. When Exhibit 90 was offered into evidence, the Court did not admit it and instead permitted its use "for purposes of closing argument" in a redacted form to be agreed upon by the partes. A true and correct copy of the portion of the trial transcript (pp. 724-26) that reflects the Court's comments is attached hereto as **Exhibit G**, with added highlighting to better direct the Court to the relevant passages.

9. After the jury's verdict was delivered and the jurors were excused, my colleague Benjamin Margulis and I interviewed the four of the six jurors who were still in the courthouse. Each of the four jurors told us that his or her decision was influenced by seeing or hearing about Exhibit 90.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of March 2025, at Carlsbad, California.

By: */s/ Melissa K. Zonne*
    Melissa K. Zonne