UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BOIS, | Case No. 23-cv-02772-TLT |
| Plaintiff, | |
| v. | **ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION FOR SANCTIONS** |
| LEVI STRAUSS & CO., | |
| Defendant. | Re: ECF 196 |

The instant motion stems from a uniquely eye-opening breakdown in civility and professionalism, requiring this Federal Court to assume the role of a disappointed school principal. On May 5, 2025, after a mere 15 minutes of deliberations, the jury entered a unanimous verdict in favor of Defendant Levi Strauss & Co. and against Plaintiff Julia Bois. *See* ECF 185.

Before the Court is Defendant's motion for sanctions, requesting the Court address the repeated violations of Plaintiff's counsel Boies Schiller Flexner LLP ("Bois Schiller" or "Plaintiff's counsel"). ECF 196. The Court finds this matter appropriate for resolution without oral argument. *See* Civ. L. R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where an oral hearing is required by statute).

After review and consideration of motion, briefings, attachments and exhibits thereto, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion for sanctions.

**I.    RELEVANT BACKGROUND**

On April 24, 2025, Defendant requested briefing schedule for a motion for sanctions. ECF 156. On April 29, 2025, the Court notified the parties that the motion to sanctions may be filed after the conclusion of the trial. ECF 173. On May 21, 2025, after the conclusion of the trial, Defendant filed the instant motion for sanctions. ECF 196-1. Plaintiff timely filed an opposition, ECF 202, and Defendant timely filed a reply, ECF 206.

United States District Court
Northern District of California

United States District Court
Northern District of California

The instant motion does not come as a surprise.  The Court is very familiar with Bois Schiller's numerous violations of court orders throughout this litigation.  *See* ECF 145, at 1–2 (outlining Bois Schiller's violations of Court orders); *see, e.g.*, ECF 115 (unilaterally filing individual pretrial statement in violation of Court orders); ECF 120 (filing joint pretrial statement six days after deadline); *id.* (failing to include exhibit list and objection and instead listing every document produced by each party); ECF 116 (failing to provide witness list to Defendant until March 1, 2025—one after the pretrial statement was due); ECF 122 (failing to meet own self-imposed objection deadline of March 7, 2025); ECF 125 (failing to provide exhibit list to Defendant until March 8, 2025—eight days after it was due to the Court and one day after Plaintiff's self-imposed deadline); ECF 160 (failing to meet and confer regarding joint jury instructions and verdict form); *see also* ECF 35 (failure to respond to discovery requests). Defendant's motion seeks sanctions regarding three of Bois Schiller's violations.

### A.    Boies Schiller's failure to meet and confer in advance of the parties' pretrial filing deadline.

The Court's Standing Order required Plaintiff and Defendant to file, on February 28, 2025, a joint pretrial statement and jointly file a proposed Statement of the Case to be read to the jury. After meeting and conferring with LS & Co. over the Statement of the Case and joint pretrial statement, Plaintiff unilaterally filed her own versions of those documents ("February 2025 Violation"), having rejected portions of Defendant's input on both.  *See* ECF 115, 116.

Plaintiff's unilateral pretrial statement included a 38-page "Plaintiff's Exhibit List" that attached a full list of every document produced in the case by every party as her "exhibit list," along with the discrete list of Defendant's numbered trial exhibits that Defendant had provided to her, and a "Plaintiff's Witness List" that had not been shared with Defendant.  *See* ECF 115.

The Court ordered the parties to meet and confer again and file a joint pretrial statement and joint Statement of the Case by March 5, 2025.  ECF 117.  However, Plaintiff did not provide Defendant with her real exhibit list until Saturday, March 8 (the day after the list was due to the Court, based on Bois Schiller's pledge to meet a new March 7 self-imposed deadline).  The parties

United States District Court
Northern District of California

were not able to file a complete exhibit list that included the parties' respective objections and responses to objections until March 17, 2025. *See* ECF 130, 131.

**B.      Boies Schiller's failure to meet and confer in advance of the parties' joint jury instructions and joint verdict form filing deadline.**

On April 24, 2025, the Court ordered "[c]ounsel to submit any changes or corrections to the jury instructions or verdict form by the end of business today." ECF 155. Defendant sent Plaintiff its changes to the verdict form at 12:35 p.m. and, at Plaintiff's request, later submitted the same changes in redline at 2:02 p.m. *See* ECF 156 at 8–10. After Defendant's exchange, communication broke down with Plaintiff's counsel Joshua Schiller refusing to communicate further with Defendant's counsel. *Id.* at 8. Defendant repeatedly asked Plaintiff for any edits they had to the jury instructions and verdict form and explained why the CACI, rather than case law, was the appropriate citation for Defendant's proposed changes to the jury instructions. *See id.* at 5–7.

After Bois Schiller declined to communicate with Defendant's lead counsel or provide edits to the jury instructions or verdict form, at 5:03 p.m. on April 24, 2025, Defendant filed a Notice of Inability to Meet Court-Ordered Deadline & Request for Briefing Schedule on Sanctions Motion ("Notice"). *Id.* Approximately 15 minutes later, Plaintiff filed a unilateral proposed verdict form and unilateral jury instructions ("April 2025 Violation"). *See* ECF 157, 158.

The Court acknowledged Bois Schiller's behavior in a subsequent order:

> On April 24, 2025, the Court ordered counsel to meet and confer to discuss jury instructions and verdict forms as set forth on the record. Counsel were further ordered to submit any changes or corrections to the jury instructions or verdict form by the end of the business day, April 24, 2025. Plaintiff failed to meet and confer with Defendant and has missed another deadline in this case. In violation of court orders, Plaintiff then unilaterally filed their own revisions to the jury instructions and verdict form.

ECF 160.

United States District Court
Northern District of California

**C.    Boies Schiller's failure to meet and confer in advance of the parties' joint certification of counsel regarding exhibits offered during trial filing deadline**

The parties' deadline to file Admitted Exhibits and Offered, But Not Admitted, Exhibits during trial was May 15, 2025.  The exhibit filing had to include a Joint Certification of Counsel.

Defendants sent the proposed filing to Plaintiff for sign-off.  ECF 196-1, at 10.  The parties disputed whether the closing slide decks be included in the Offered, But Not Admitted, Exhibits filing.  *Id.*  Rather than getting documents on file or continuing to meet and confer, Bois Schiller told Defendant's counsel that they "should agree to extend the deadline a week."  *Id.*  However, no extension was requested.  The exhibits were not filed until May 19, 2025—four days after they were due to the Court ("May 2025 Violation").  ECF 194.

## II.    LEGAL STANDARD

### A.    Sanctions Under 28 U.S.C. Section 1927

Courts have the power to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  In other words, "Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."  *Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1117 (9th Cir. 2000).  The Ninth Circuit assesses sanctions when bad faith is found "under a subjective standard.  Knowing or reckless conduct meets this standard."  *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121–22 (9th Cir. 1991).

Bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent."  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (citations omitted).  If the conduct is merely reckless, the moving party must also show at least one additional factor such as frivolousness, harassment, or an improper purpose.  *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) ("Sanctions [pursuant to Section 1927] are available for . . . recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose.").

United States District Court
Northern District of California

Section 1927 renders any "attorney who reviews and approves motions, applications, and briefs filed in a case [] responsible for the resulting multiplication of proceedings even when he does not sign his name to those filings or personally argue them before the court." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1154 (9th Cir. 2024).

### B.    Sanctions Under the Court's Inherent Powers

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)). "It is well established that a federal court may consider collateral issues [like sanctions] after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Imposing monetary sanctions under the Court's inherent power requires a finding of either: "(1) a willful violation of a court order; or (2) bad faith" or conduct "tantamount to bad faith." *See Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021); *Fink*, 239 F.3d at 994 ("sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith"); *see also Goodyear*, 581 U.S. at 107 (noting that a court may order "a party that has acted in bad faith to reimburse legal fees and costs incurred by the other" pursuant to its inherent power).

Bad faith extends to "a full range of litigation abuses." *Chambers*, 501 U.S. at 46. It includes "conduct done vexatiously, wantonly, or for oppressive reasons." *Am. Unites for Kids*, 985 F.3d at 1090. A party also demonstrates bad faith by "delaying or disrupting the litigation." *Primus Auto. Fin. Servs. Inc. v. Batarse*, 115 F. 3d 644, 649 (9th Cir. 1997) (internal quotation marks and citation omitted). A finding of bad faith "requires proof of bad intent or improper purpose." *Am. Unites for Kids*, 985 F.3d at 1090.

Conduct tantamount to bad faith includes "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994. The assessment of whether an attorney's conduct

amounts to bad faith or conduct tantamount thereto is subjective. *Pacific Harbor*, 210 F.3d at 1118. Bad faith does not "require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." *Fink*, 239 F.3d at 992 (citation omitted). A finding of willful disobedience of a court order, on the other hand, "does not require proof of [a] mental intent such as bad faith or an improper motive." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

## III.    DISCUSSION

In her opposition, Plaintiff spends ten pages excruciatingly detailing every communication exchanged between the parties' counsel and finger-pointing away all responsibility of her violations onto the Defendant. *See* ECF 202, at 3–13. The primary takeaway from this dissertation is that Plaintiff concedes that her unilateral filings violated Court orders but argues that each of her violations are in fact Defendant's fault. *Id.* at 13–14. Alarmingly, Plaintiff frames that her violations as zealous advocacy. *Id.*

Defendant argues that Bois Schiller engaged in bad faith and willfully violated this Court's orders, resulting in wrongful proliferation of this case. ECF 196-1, at 13. The Court will first determine whether Bois Schiller's repeated violations of Court orders necessitate sanctions. If so, the Court will then determine the appropriate sanction.

### A.    Requisite Conduct

Bois Schiller argues that Defendant's motion for sanctions in untimely, and even if it was timely, Bois Schiller's violations of court orders was Defendant's fault. ECF 202, at 13–19. The Court will address each argument in turn.

#### 1.    Defendant's motion for sanctions is timely.

As an initial matter, Plaintiff complains that the motion for sanctions is untimely. ECF 202, at 18–19. Pursuant to Local Rule 7-8(c), a motion for sanctions "must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." *See* Civ. L.R. 7-8(c). Defendant complains of Plaintiff's conduct throughout the pre-trial and post-trial period from February 2025 to May 2025. ECF 202, at 19. Plaintiff argues

that Defendant should have brought a motion for sanctions when Plaintiff's violations first began. *Id.* Plaintiff also argues that now that trial has concluded, the deterrent effect of sanctions will not be felt by Plaintiff. *Id.*

Plaintiff finally argues that Defendant should have brought discovery sanctions under Federal Rule of Civil Procedure 37 rather than under Section 1927. *Id.* at 18 n.6. However, this final argument has no merit as the sanctions are not pursued based on Plaintiff's conduct during discovery. Plaintiff's conduct during discovery has already been addressed by the Court. *See* ECF 35 (addressing Plaintiff's failure to respond to discovery requests).

Defendant points out that the Local Rules permit a motion for sanctions within 14 days of entry of judgment, which Defendant did so here. *See* Civ. L.R. 7-8(d). Defendant also point out that Plaintiff has been on notice of a motion for sanctions since April 24, 2025. ECF 156 (Notice by Levi Strauss & Co. Notice of Inability to Meet Court-Ordered Deadline and Request For Briefing Schedule on Noticed Motion for Sanctions); *see also* ECF 134, at 1 (On March 21, 2025, the Court made "note of Plaintiff's repeated violations in the event of a motion for sanctions.").

On April 29, 2025, after Defendant requested a briefing schedule on a motion for sanctions, the Court made clear that Defendant could file the motion for sanctions after the conclusion of the trial. ECF 173. Plaintiff did not object or raise any issue with timeliness. *Id.*

In this context, Plaintiff's timeliness argument has no merit. The parties agreed that a motion for sanctions regarding Plaintiff's numerous violations of court orders would be appropriate to address after trial. Now is the time to address them.

### 2. Bois Schiller has demonstrated deliberate disobedience, warranting sanctions under the Court's inherent authority.

Defendant argues that Boies Schiller has repeatedly disobeyed or ignored the Court's orders regarding meeting and conferring and submitting joint filings. ECF 196-1, at 13. On two separate instances, Boies Schiller unilaterally filed Plaintiff's own version of documents that were supposed to be submitted jointly by the parties. *Id.* Boies Schiller's violations were deliberate and therefore warrant imposition of sanctions under this Court's inherent authority. *Id.* Defendant contends Boies Schiller's conduct also constitutes recklessness motivated by the improper purpose

of harassing Defendant and its counsel and diverting attention away from trial preparation to gain a tactical advantage over Defendant. *Id.* Boies Schiller's failure to meet and confer and file unilateral filings resulted in the needless multiplication of proceedings forcing Defendant to file its Objections and Notice, in addition to the parties having to twice make a second attempt at filing required documents jointly. *Id.* at 13–14.

Before the Court turns to Plaintiff's objections, the Court finds that both parties failed to timely file the Admitted Exhibits and Offered, But Not Admitted Exhibits. In this instance, there was no unilateral filing by Bois Schiller—perhaps learning from its prior mistakes. The parties spend most of their briefing on the post-trial dispute pointing fingers. It is less clear whether Bois Schiller exhibited bad faith or willful disobedience. Thus, the Court declines to find the requisite misconduct and assess sanctions for the May 2025 Violation. However, the Court will consider Defendant's arguments for the February 2025 Violation and April 2025 Violation.

Plaintiff concedes to violating court orders. ECF 202, 13–14. Plaintiff argues that Defendant forced Plaintiff to file unilateral filings in violation of court orders because of disagreements with the joint filings. *Id.* However, Plaintiff's argument is unpersuasive. The parties are plenty capable of submitting joint filings that distill their disagreements for the Court to address. *See* ECF 119, 120, 142, 143, 178. Bois Schiller's conduct reeks of bad faith, stemming from their habit of preparing last minute incomplete filings. *See* ECF 120 (failing to include exhibit list and objection and instead listing every document produced by each party); ECF 116 (failing to provide witness list to Defendant until March 1, 2025—one after the pretrial statement was due); ECF 122 (failing to meet own self-imposed objection deadline of March 7, 2025); ECF 125 (failing to provide revised exhibit list to Defendant until March 8, 2025—eight days after it was due to the Court and one day after Plaintiff's self-imposed deadline).

It is less clear whether Boies Schiller's conduct was for the purpose of harassing Defendant and its counsel. Nor does the Court find that Boies Schiller conduct was frivolous or for improper purpose. Thus, The Court finds that requisite conduct for sanctions under Section 1927 is not present. However, the Court finds willful disobedience of a court order on two occasions. Boies Schiller willfully violated court orders by failing to meet and confer with

United States District Court
Northern District of California

Defendant and filing unilateral filings which led to delays.  Under the Court's inherent authority, the Court finds that sanctions are warranted.

### B.    Sanctions

Because of Bois Schiller's actions, Defendant (1) seeks $15,236.41 in monetary sanctions and (2) an order that the partners who represented Plaintiff in this case to develop and conduct a one-hour training for litigators in their respective offices regarding professional responsibility in the context of trial.  ECF 196-1, at 15–16.  The Court will consider each sanction in turn.

#### 1.    The Court finds that monetary sanctions are warranted.

Because the Court did not find willful disobedience or requisite bad faith from the May 2025 Violation, the Court will only consider monetary sanctions requested for the February 2025 Violation and April 2025 Violation.

For the February 2025 Violation, Defendant seeks "$5,560.04 (in attorneys' fees and staff overtime) to handle the late-night antics by Plaintiff's counsel, and to prepare and file LS & Co.'s Objections."  ECF 196-1, at 8–9.  Defendant's counsel's support staff worked three hours of overtime after Plaintiff's unilateral filings in an effort to get the documents on file.  ECF 196-2, Declaration of Cameron W. Fox ("Fox Decl.") ¶ 3.  On March 3, 2025, Defendant filed Objections to Plaintiff's Unilateral Statement of the Case and Pretrial Statement, incurring $5,317.20 in attorneys' fees to prepare the objections.  *Id.* ¶ 4.

For the April 2025 Violation, Defendant seeks "$9,306[.00] in attorneys' fees in preparing its Notice and attempting to meet and confer with Plaintiff's counsel after they refused to communicate with LS & Co.'s lead counsel."  ECF 196-1, at 10.  On April 25, 2025, Defendant filed a Notice of Inability to Meet Court-Ordered Deadline & Request for Briefing Schedule on Sanctions Motion after Plaintiff's counsel refused to meet and confer with Defendant regarding the jury instructions or verdict form the parties had been ordered to file that day.  Fox Decl. ¶ 5. Defendant incurred $9,306 in attorneys' fees in preparing its one-page Notice and time spent attempting to meet and confer with Plaintiff's counsel.  *Id.*

Partner time was charged at $1,809.00 per hour and Associate time was charged at $1,368.00.  *Id.* ¶ 8.  These hourly rates are commensurate with counsels' experience, *id.* at

United States District Court
Northern District of California

Exhibits ("Exs.") B & C, and the legal markets in San Francisco and Los Angeles, *id.* ¶ 8. Defendant has also provided detailed billing statements, displaying the attorney rendering the services, the dates on which the services were rendered, the hours spent, the applicable hourly rate, the extension (hours times rate), and descriptions of the services rendered. *Id.* at Ex. D. The Court finds the hourly rate and the time spent to be reasonable.

Plaintiff objects to the monetary sanctions, arguing that it was Defendant's choice to file objections. ECF 202, at 21. However, here, Defendant's counsel's objections was a response to Boies Schiller's unilateral filings and failure to meet and confer. These objections would not have been necessary if Boies Schiller had not violated the Court's orders. The Court finds that monetary sanctions in the total amount of **$14,866.04** are warranted for Boies Schiller's deliberate violation of court orders.

### 2. While beneficial, the Court declines to compel Partners Joshua Schiller and Benjamin Margulis to conduct professional responsibility training.

Defendant argues that monetary sanctions do not necessarily deter Boies Schiller from engaging in similar behavior in future litigations. ECF 196-1, at 16. Defendant contends that Boies Schiller's conduct in this action is a concerning practice that warrants corrective action from the Court. *Id.* Thus, in addition to monetary sanctions, Defendant requests the Court order that Joshua Schiller and Benjamin Margulis, the partners on this case, develop and conduct a one-hour training for the litigation attorneys in their offices (San Francisco and New York, respectively) on professional responsibility in the context of trials. *Id.*

Plaintiff objects to such a training. ECF 202, at 22. As an initial matter, Plaintiff calls out Defendant for requiring only the "male" members of its team to conduct the training. *Id.* The Court notes that Plaintiff's counsel only staffed male partners on this pregnancy discrimination action.

Plaintiff next argues that requiring Boies Schiller partners to conduct a professional responsibility training for the benefit of the litigation attorneys in their office violates the First Amendment. *Id.* However, Defendant points out that many courts have issued nonmonetary

United States District Court
Northern District of California

United States District Court
Northern District of California

sanctions requiring counsel to take steps to learn or teach. *See* ECF 206, at 12 n.11 (collecting cases).

Here, Plaintiff's counsel's conduct ultimately resulted in a swift verdict for the defense. The Court finds that such an outcome is a sufficient deterrent. Thus, the Court declines to sanction further training.

However, the Court finds Defendant's request to be creative. Neither party can dispute that any law firm would benefit from training on professional responsibility in the context of trials. Thus, the Court invites both Plaintiff's counsel and Defendant's counsel to fashion such a training for its litigation attorneys and schedule time to personally administer it. The Court invites both Plaintiff's counsel and Defendant's counsel to submit a status report upon scheduling of the training.

## IV.    CONCLUSION

For the reasons stated above, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion for sanctions. Boies Schiller is **ORDERED TO TENDER PAYMENT** for the full sum of **$14,866.04** to Defendant's counsel by **August 29, 2025**.

Both Plaintiff's counsel and Defendant's counsel are encouraged develop and conduct a one-hour training on professional responsibility in the context of trials in their respective offices. The Court invites Plaintiff's counsel and Defendant's counsel to submit a status report upon scheduling of the training.

This order is narrowly tailored to the unique disposition of this action. Bois Schiller's conduct throughout this action was eye-opening. It has inspired this Federal Court to consider instituting a new standing order on civility and professionalism to ensure such conduct does not happen again.

This Order resolves ECF 196. The Clerk of the Court is ordered to terminate the action.

**IT IS SO ORDERED.**

Dated: August 7, 2025

TRINA L. THOMPSON
United States District Judge

11